## 56996. WALKER v. GENERAL MOTORS CORPORATION.

Banke, Judge.

This is an action for back wages arising out of an employment dispute. The plaintiff-employee alleged that he was entitled to more money than he was paid over a period of about five years. This allegation was based on the nature of the work which he performed and on certain oral promises allegedly made to him by his supervisors.

He appeals the trial court's grant of summary judgment to the defendant, General Motors.

We initially reversed the trial court at 149 Ga. App. 524 (254 SE2d 871) (1979), because it had ruled on the summary judgment motion while a deposition filed by the plaintiff in opposition to the motion remained sealed. In so doing, we relied upon the Supreme Court's decision in *Thompson v. Abbott,* 226 Ga. 353 (1) (174 SE2d 904) (1970), and two Court of Appeals cases which were based on *Thompson,* to wit: *Jackson v. Couch Funeral Home,* 131 Ga. App. 695 (206 SE2d 718) (1974) (cert. den.) and *Realty Contractors, Inc. v. C. & S. Nat. Bank,* 146 Ga. App. 69 (245 SE2d 342) (1978). *Thompson* contains the statement that "a trial judge should always search the entire record before granting a motion for summary judgment." (226 Ga. at 355). The Supreme Court reversed our earlier decision in *General Motors Corp. v. Walker,* 244 Ga. 191 (1979), holding that the language from *Thompson* quoted above was "mere obiter" (sic) and that the failure to open the deposition was overridden by a statement in the trial court's order to the effect that the entire record had been reviewed. Id. at 191. On remand, we now consider the remaining enumerations of error contained in Walker's original appeal to this court. *Held:*

1. The record shows no basis for a recovery based either on breach of contract or quantum meruit. General Motors submitted an affidavit showing that even had the plaintiff been paid on the basis of the classification to which he claims he was entitled, he would not necessarily have earned more money than he was actually paid. The plaintiff has not controverted this affidavit. Furthermore, the plaintiff has submitted nothing to substantiate his novel contention that the salary which he received for his work was so unreasonably low that he is entitled to a recovery based on quantum meruit or unjust enrichment. Indeed, he would appear to have conceded that his salary reasonably compensated him by continuing to work for it throughout the entire period in question.

Any attempt by the plaintiff to base a recovery on oral promises that his pay would be increased in the future must also fail, as the underlying employment contract was terminable at will. "The oral promises could

not be enforced because the underlying employment contract, being terminable at will, is unenforceable." *Ely v. Stratoflex, Inc.,* 132 Ga. App. 569, 572 (208 SE2d 583) (1974). See *Murphine v. Hosp. Auth. of Floyd County,* 151 Ga. App. 722 (1979).

2. The third and fourth enumerations of error are rendered moot by the foregoing.

3. The plaintiff's assertion that General Motors acted negligently in "failing to promulgate sufficient rules and regulations to govern the conduct of its employees" and in failing to enforce the rules that were in existence raises no legally cognizable tort claim. Even if we accept the plaintiff's contention that he suffered injury to his "personal and mental well-being" as a result of the chaotic conditions in his office, there can be no recovery in the absence of an allegation that General Motors intended to injure him in this way. See *Stephens v. Waits,* 53 Ga. App. 44 (184 SE 781) (1935).

The plaintiff's claim that his superiors interfered with his employment relationship with the company should be brought against those individuals who allegedly interfered with that relationship rather than against the employer itself, who would be liable only for breach of the employment contract. Accord Code §§ 105-1207, 105-1401; *Nottingham v. Wrigley,* 221 Ga. 386 (144 SE2d 749) (1965). Enumerations of error Nos. 5, 6, and 7 are without merit.

4. For the foregoing reasons the trial court did not err in granting summary judgment to General Motors.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED JANUARY 3, 1979 — DECIDED NOVEMBER 26, 1979.

*Eugene Novy, Penelope Rumsey,* for appellant.
*Charles M. Shaffer, Jr., H. Lamar Mixson,* for appellee.