**GREAT AMERICAN INSURANCE COMPANY, a corporation, Plaintiff-Appellee,**

v.

**George S. RUSH, individually and d/b/a Rush Engineers, Defendant-Appellant.**

No. 82–7030.

United States Court of Appeals, Eleventh Circuit.

March 15, 1982.

Thomas J. Knight, Anniston, Ala., for defendant-appellant.

Herbert D. Jones, Jr., Burnham, Klinefelter, Halsey & Love, Anniston, Ala., for plaintiff-appellee.

Before GODBOLD, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.

GODBOLD, Chief Judge:

The district court's judgment in this civil case was entered December 10, 1981. On December 21 appellant served on the parties a post-judgment motion under F.R. Civ.P. 59, but this motion was not filed with the district court until December 23, two days later. The motion was denied that day. Appellant then filed its notice of appeal January 20, 1982.

Appellee moves to dismiss the appeal, contending that the notice of appeal was untimely, having been filed more than 30 days after the entry of judgment, *see* FRAP 4(a)(2), and contending that the time

for filing the notice of appeal was not tolled by the Rule 59 motion because that motion was untimely. FRAP 4(a)(4) provides that the time for filing the notice of appeal is tolled by the filing of a timely motion under Rule 59. Rule 59 requires that motions under it "shall be *served* not later than 10 days after entry of the judgment." F.R. Civ.P. 59(b), (e) (emphasis added). Here, the post-judgment motion was served in time [1] but was filed two days after the Rule 59 time limit expired.

The former Fifth Circuit has held that "the ten-day limit of Rule 59(b) does not determine the time for filing of a motion for a new trial; . . . Rule 59(b) applies to time of service and not to time of filing; . . . Rule 5(d) governs time of filing." *Allen v. Ault*, 564 F.2d 1198, 1199 (5th Cir. 1977). We are bound by this holding. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981). Rule 5(d) provides that "[a]ll papers . . . required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter." Two days is a reasonable time. *See Allen v. Ault, supra* (implicitly holding that one day is reasonable). Thus, the Rule 59 motion was both timely served and timely filed.[2] A timely Rule 59 motion tolls the running of the time for filing the notice of appeal. FRAP 4(a)(4). Because the notice of appeal was filed within 30 days of the disposition of the Rule 59 motion, it is timely.

The motion to dismiss is DENIED.

---

1. The 10th day was a Sunday and so the period was extended one day. F.R.Civ.P. 6(a).

2. Therefore, we need not decide whether FRAP 4(a)(4) refers only to timely service or also requires timely filing of the post-judgment motion.

