**Mable Y. BURNAM, Plaintiff-Appellant,**

v.

**AMOCO CONTAINER COMPANY, Defendant-Appellee.**

**No. 84–8442.**

United States Court of Appeals, Eleventh Circuit.

Aug. 13, 1984.

Jay W. Bouldin, Jonesboro, Ga., for plaintiff-appellant.

Charles A. Edwards, Atlanta, Ga., for defendant-appellee.

Before RONEY, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

Appellant, Mabel Y. Burnam (Burnam), appeals from the district court's dismissal of her complaint in an age discrimination action. The issue presently before this panel is the threshold question of whether this court has jurisdiction over Burnam's appeal.

### Background

On January 26, 1984, appellant filed a complaint against appellee, Amoco Container Company (Amoco), alleging that she was a victim of age discrimination. On February 21, 1984, appellee filed its answer and a motion to dismiss.[1] On April 5, 1984, appellee filed a supplement to its motion to dismiss. On April 12, 1984, appellant filed a response to appellee's motion to dismiss and its supplement. On April 13, 1984, the trial court entered its order dismissing appellant's complaint.

No further motions or other documents of any nature were filed by either party after the April 13 order. Nonetheless, on April 23, the district court, on its own volition, entered another order, explaining that it had not received appellant's response to appellee's motion to dismiss until after the April 13 order was entered. The April 23 order further stated that

> [t]he court has now considered the plaintiff's arguments in opposition to the motion to dismiss and finds them to be without merit. The court's order of April 13, 1984, remains the order of this court. The instant order is issued as a clarification of the grounds set forth in the previous order.

On May 17, 1984, appellant filed a notice of appeal appealing "from the final judgments entered April 13, 1984 and April 23, 1984...."

### Discussion

A notice of appeal must be filed with the clerk of the district court within thirty days after the date of entry of the judgment or order appealed from. Fed.R. App.P. 4(a)(1). The filing of a timely notice of appeal is a jurisdictional prerequisite. *United States v. One Remington 12 Gauge Shotgun*, 709 F.2d 1468, 1469 (11th Cir.1983). Therefore, in the instant case, unless the April 23 order tolled the time for filing a notice of appeal, appellant's May 17 filing was untimely and this court lacks jurisdiction. Resolution of this jurisdictional question requires us to determine what effect, if any, a district court's sua sponte reconsideration of an otherwise final judgment has on the passage of time allotted for the filing of a Notice of Appeal. To make this determination, we first must decide whether the district court entered its April 23 order pursuant to Federal Rule of Civil Procedure 59 (as Burnam contends), or Rule 60 (as Amoco contends). Next, we must decide whether the Rules authorize the district court to enter such an order in the absence of a motion by either party.

Before examining the unusual situation presented in this case by the district court's sua sponte reconsideration of its order, it is helpful to review the more common operation of Rules 59 and 60. Ordinarily, the court considers relief under these rules pursuant to a motion by a party. The rules afford different types of relief, and the motion is characterized as either a Rule 59 or Rule 60 motion depending upon the type of relief requested. *E.g., Morgan Guaranty Trust Co. v. Third Nat'l Bank of Hampden County*, 545 F.2d 758, 760 (1st Cir.1976) (nomenclature does not control the legal status of a post-trial motion; motion seeking relief improperly under Rule 60(a) treated as a Rule 59(e) motion). Characterization of a motion as a Rule 59 or a Rule 60 motion has a critical

---

1. Amoco's documents were filed the first business day of the district court following the expiration of the twenty-day answer period. Apparently because of an intervening holiday, Burnam had miscalculated the due date for the answer and requested the clerk to enter a default judgment. The clerk entered default against Amoco on February 22. Recognizing the miscalculation, the district court vacated the entry of default in its April 13 order.

impact upon the passage of time allotted for the filing of a Notice of Appeal. A timely and proper Rule 59 motion suspends the judgment's finality and tolls the running of the time for taking an appeal. *See Williams v. Bolger,* 633 F.2d 410 (5th Cir. 1980). A Rule 60 motion, however, does not affect the finality of a judgment or suspend its operation for purposes of appeal. *See Alber v. Gant,* 435 F.2d 146 (5th Cir.1970) (Rule 60(a) motion to correct a clerical error); *Conerly v. Flower,* 410 F.2d 941 (8th Cir.1969) (Rule 60(b) motion). Thus, our first task is to determine whether the district court's April 23 order was entered pursuant to Rule 59 or Rule 60.

■ Proper characterization of the April 23 order requires an analysis of exactly what the district court did. On April 13, the time for filing an answer to appellee's original motion to dismiss having long since run,[2] the court dismissed appellant's complaint based solely upon appellee's "unopposed" motion to dismiss and memorandum in support thereof. Immediately thereafter, the court received appellant's memorandum in opposition to appellee's motion to dismiss, which sets forth an eight-page legal argument against dismissal of appellant's complaint. The court reviewed the memorandum, considered the merits of appellant's legal arguments, and determined that its earlier conclusion to dismiss the complaint was correct. Accordingly, the court entered another order on April 23 to that effect.

This scenario most closely resembles a district court's denial of a Rule 59(e) motion to alter or amend judgment. Appellant's memorandum argued against dismissal of her complaint. By the time the district court reviewed her memorandum, the complaint had already been dismissed. Thus, in considering appellant's arguments, the court effectively considered whether or not it should vacate the judgment of dismissal. Since a motion to vacate a judgment of dismissal and amend the complaint

is generally characterized as a Rule 59(e) motion, *e.g., Kelly v. Delaware River Joint Comm'n,* 187 F.2d 93 (3d Cir.1951), *cert. denied,* 342 U.S. 812, 72 S.Ct. 25, 96 L.Ed. 614 (1951), a district court's sua sponte consideration of such relief should also be deemed pursuant to Rule 59(e). Viewed thusly, the April 23 order would, as an order entered pursuant to Rule 59, toll the time for the filing of a notice of appeal.

■ Determining whether the district court acted pursuant to Rule 59 or Rule 60, however, is not the end of our inquiry. It must next be determined whether a district court may, sua sponte, consider the availability of Rule 59(e) relief. The Rules of Civil Procedure are unclear on this point. For example, Rule 60(a) authorizes the court to correct clerical mistakes and other errors on its own initiative. Likewise, Rule 59(d) states that a court may grant a new trial on its own initiative. In contrast, Rule 59(e) is silent on the power of the court to order relief on its own initiative. Arguably, such silence implies that the court lacks such power. We decline to make such an inference. As the authors of one treatise explain, "[t]he authorizations in Rules 60(a) and 59(d) for the court to act on its own motion are only declaratory examples of the general power of the court to act on its own initiative." 6A *Moore's Federal Practice* ¶ 59.12[4]. Thus, so long as the court acts within ten days after the entry of judgment, the court has the power on its own motion to consider altering or amending a judgment. *Id.* The district court, therefore, had the power to review appellant's memorandum and enter the April 23 order pursuant to Rule 59(e) on its own motion.

### Conclusion

We conclude that the district court had the power under Rule 59(e) sua sponte to consider altering or amending the April 13 order and that the April 23 order was entered pursuant to Rule 59(e). Consequent-

---

**2.** The Local Rules of the Northern District of Georgia allow ten days in which to file a response to an answer. N.D.Ga.Rule 91.2. We express no opinion as to the effect Amoco's supplemental motion filed on April 5 had on the running of this period.

ly, the time for filing a notice of appeal was tolled. The Notice of Appeal having been timely filed, this court has jurisdiction.

IT IS SO ORDERED.