68357. BUICE v. GULF OIL CORPORATION.
(321 SE2d 103)

QUILLIAN, Presiding Judge.

Plaintiff-appellant Buice appeals from the grant of summary judgment to defendant-appellee Gulf Oil Corporation (Gulf) in an action for breach of an alleged contract of employment.

Buice was an employee of Gulf who drove tank trucks delivering Gulf's petroleum products to customers. In his complaint he alleged

that in September 1978 he was suffering from alcoholism and was discharged from employment by Gulf for reasons related to his alcoholism; that he thereafter obtained treatment, overcame the alcoholism, sought reinstatement of his employment and was refused by Gulf; that at the time he requested reinstatement Gulf had a "defacto policy government (sic) the treatment of employees with unwritten contracts who recovered from alcoholism and other forms of like disabilities" which provided that a "terminated" employee such as himself could be reinstated upon recovery from such a condition; and that said policy was an implied term of an implied contract of employment between himself and Gulf, which Gulf breached by refusing to reinstate him in its employ.

Gulf answered denying the existence of any such policy, or that it was a term of Buice's contract of employment, or that there was any breach of any alleged implied contract. Gulf moved for summary judgment on the grounds that Buice's term of employment was indefinite, terminable at will, and that any de facto policy cannot create an enforceable implied term of Buice's employment. The motion was supported by an affidavit of a Gulf employee who was responsible for Gulf's personnel policies in the district in which Buice had been employed and also was the custodian of Buice's personnel file which contained a document (attached to the affidavit) entitled contract of employment between Gulf and Buice. This document stated that either party could terminate the employment at any time without notice. The affiant stated that at the time of Buice's discharge Gulf's personnel policy in the district was employment for an indefinite period of time only. Buice responded with a signed but unsworn document entitled affidavit in opposition to the motion for summary judgment, in which he stated it was his understanding that the policy of Gulf was to reinstate employees terminated for alcoholism and that such a policy was an implied term of employment. Buice subsequently filed a properly executed affidavit which related only to his participation in Gulf's savings-stock plan, his deferred pension rights and disability income insurance, and which stated that because "employees with approved leaves of absence remain in the benefit plan, I continued to assume that I retained the right to work for the company upon my recovery from alcoholism-related disability."

On these pleadings and evidence, the trial court granted the motion for summary judgment. *Held*:

1. Buice does not allege in his complaint the terms of his contract of employment; therefore, the complaint must be construed as alleging a contract terminable at the will of the employer. *Elliott v. Delta Air Lines*, 116 Ga. App. 36 (156 SE2d 656).

"[I]n the absence of a controlling contract, 'permanent employment,' 'employment for life,' 'employment until retirement' is em-

ployment for an indefinite period, terminable at the will of either party, which gives rise to no cause of action against the employer for alleged wrongful termination." *Ga. Power Co. v. Busbin*, 242 Ga. 612, 613 (250 SE2d 442).

" 'The oral promises could not be enforced because the underlying employment contract, being terminable at will, is unenforceable.' *Ely v. Stratoflex, Inc.*, 132 Ga. App. 569, 572 (208 SE2d 583) (1974). See *Murphine v. Hosp. Auth. of Floyd County*, 151 Ga. App. 722 (1979)." *Walker v. Gen. Motors Corp.*, 152 Ga. App. 526 (1), 527-8 (263 SE2d 266).

By affidavit Gulf presented evidence that Buice's employment was for an indefinite period, terminable at the will of either party. Buice does not rebut this and admits in his complaint that he was discharged or terminated from employment. In support of his contention that Gulf had a policy of reinstating employees discharged for alcoholism which was an implied term of his employment, Buice presents nothing other than his understanding and assumption that a policy existed, and his conclusion that it was an implied term of employment. If oral promises relating to an employment contract terminable at will are unenforceable (*Walker v. Gen. Motors*, supra), a discharged employee's understanding, assumption, and conclusion concerning such a contract certainly are not enforceable.

Gulf's evidence that Buice's employment was terminable at will stands unrebutted. If there is no cause of action against an employer for terminating such a contract (*Ga. Power Co. v. Busbin*, supra), it follows that there also cannot be a cause of action for failing to reinstate an employee terminated at will based on an alleged implied term of employment.

Thus, there is no genuine issue of any material fact and the trial court did not err in granting summary judgment. OCGA § 9-11-56 (c); *Ga. Power Co. v. Busbin*, supra; *Walker v. Gen. Motors Corp.*, supra.

2. The remaining enumeration alleges error in granting summary judgment because the court failed to make Gulf respond to Buice's request for discovery before granting summary judgment. As Buice did not seek the court's assistance by filing affidavits as permitted by OCGA § 9-11-56 (f) stating that he could not present by affidavits facts essential to oppose the motion for summary judgment because Gulf would not respond to his requests for discovery, he failed to invoke an available remedy and will not now be heard to complain.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED SEPTEMBER 13, 1984.

*G. Brian Spears*, for appellant.

*Howell Hollis III, Richard J. Remley*, for appellee.