**Douglas J. LIVERNOIS,**
**Plaintiff–Appellant,**

v.

**MEDICAL DISPOSABLES, INC.,**
**Defendant–Appellee.**

No. 87–8235.

United States Court of Appeals,
Eleventh Circuit.

Feb. 17, 1988.

---

C. Rauch Wise, Wise & Tunstall, Greenwood, S.C., for plaintiff-appellant.

Donald D. Smith, Smith, Eubanks & Smith, David P. Darden, Marietta, Ga., for defendant-appellee.

Before RONEY, Chief Judge, JOHNSON, Circuit Judge, and PECK[*], Senior Circuit Judge.

JOHNSON, Circuit Judge:

This case concerns an appeal from the district court's grant of summary judgment in favor of Medical Disposables, Inc. ("the Company"). We affirm in part, reverse in part, and remand.

## I. FACTS

In February 1984, Douglas Livernois was hired by the Company as Director of Institutional Sales. When Livernois accepted employment, the parties had an oral agreement as to the terms of the contract. There was never a written contract between the parties. Although the parties disagree on what the terms of the contract were, they agree that the oral agreement contemplated full-time, permanent employment for an indefinite period.

During the six months that he worked for the Company, Livernois attempted to have his employment contract reduced to writing. Livernois asserts that the agreement called for him to receive a $65,000 salary, a $35,000 bonus, an equity position in the Company, and other benefits. Livernois claims that the Company's failure to put this agreement in writing led to this dispute. On the other hand, Medical Disposables contends that the dispute arose because Livernois demanded an immediate $13,000 bonus, a $10,000 raise in his annual salary, and an equity position in the Company, none of which was anticipated in the original oral contract.

In September 1984, the Company produced a written draft of a proposed employment agreement, but Livernois refused to sign it. The Company contends that Livernois responded with a counterproposal which it rejected. It then terminated Livernois' employment.

The appellant filed a complaint alleging two causes of action. First, he claimed that Medical Disposables breached its oral contract with him because he never received the benefits to which he was entitled. In this action, he did not seek damages for future earnings or wrongful termination; he sought payment of the non-salary benefits which he claims had accrued under the contract. Second, he sought additional damages on the ground that the appellee's agent, William Smith, made fraudulent misrepresentations regarding the financial stability and promising future of the Company in order to induce Livernois to accept the Company's offer of employment. Livernois alleged that these misrepresentations caused him to accept the Company's employment offer, forcing him to forego other employment opportunities.

On June 2, 1986, Medical Disposables filed a motion for summary judgment. Livernois failed to serve a responsive memorandum to this motion within the twenty days required by the local Rule 220–1(b) of the United States District Court for the Northern District of Georgia.[1] According-

---

[*] Honorable John W. Peck, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

1. Local Rule 220–1(b) states that:
Each party opposing a motion shall serve his response, responsive memorandum, affidavits, and any other responsive material not later than ten days after service of the motion, except that in the case of summary judgment the time shall be twenty days after the service of the motion. Failure to file a response shall indicate that there is no opposition to the motion.

ly, the district court ruled that the Company's motion was unopposed, and it entered an order granting summary judgment on August 6, 1986.

On August 14, 1986, Livernois filed a motion for reconsideration pursuant to Fed.R.Civ.P. 59 and 60. This motion was denied on February 20, 1987. On March 23, 1987, Livernois filed a Notice of Appeal from the district court's order granting summary judgment.[2]

## II. DISCUSSION

### A. *Timeliness of Appeal*

As a threshold issue, the Company claims that, because Livernois failed to file a notice of appeal within thirty days of the district court's August 6, 1986 order granting summary judgment, this Court can review only the district court's denial of the motion for reconsideration. For a notice of appeal to be timely, it must be filed within 30 days of the judgment or order appealed from. Fed.R.App.P. 4(a)(1). Absent the filing of a timely notice, this Court does not have jurisdiction over an appeal. *Burnam v. Amoco Container Co.*, 738 F.2d 1230, 1231 (11th Cir.1984). However, Fed.R.App.P. 4(a)(4) provides that the time for filing a notice of appeal is tolled by the filing of a timely motion under Fed.R.Civ.P. 59.[3] *Great American Ins. Co. v. Rush*, 670 F.2d 995 (11th Cir.1982). Consequently, a notice of appeal filed within 30 days of the disposition of the Rule 59 motion is timely. *Id.* at 996.

In the case at bar, the notice of appeal was not filed until March 23, 1987. This was approximately seven and one-half months after the district court entered its order granting the Company's motion for summary judgment. However, on August 14, 1986, eight days after summary judgment was entered, Livernois filed a motion to have the court "reconsider" its judgment pursuant to Fed.R.Civ.P. 59(a)(2)[4] and 60(b)(1) and (6).[5] This Court must determine whether this motion tolled the running of the 30 day appeal period.

■ The two rules cited in Livernois' motion for reconsideration afford different types of relief, and this Court will characterize a motion as one under Rule 59 or Rule 60, depending on the type of relief requested. Nomenclature does not control the legal status of a post-trial motion. *Burnam*, 738 F.2d at 1231 (citing *Morgan Guaranty Trust Co. v. Third Nat'l Bank of Hampden County*, 545 F.2d 758, 760 (1st Cir.1976)). Instead, the court will conduct an independent determination of what type of motion was before the district court. *See Morgan Guaranty*, 545 F.2d at 760. Whether a motion is characterized as a Rule 59 or a Rule 60 motion is critical because a Rule 59 motion tolls the running of the time for appeal, while a Rule 60 motion does not affect the finality of a judgment or suspend its operation for purposes of appeal. *Burnam*, 738 F.2d at 1232.

In *Burnam*, this Court analyzed the district court's actions to determine what type of motion was involved.[6] The district court had dismissed Burnam's complaint because appellee's motion to dismiss was unop-

---

**2.** The Notice of Appeal states that Livernois was appealing the district court's order of February 20, 1987, granting summary judgment. This is a misstatement because the summary judgment was entered August 6, 1986. The denial of the motion for reconsideration was entered February 20, 1987.

**3.** Rule 59 is entitled "New Trials; Amendment of Judgments." Part (e) of this rule states that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

**4.** Rule 59(a)(2) allows a court to grant a motion for a new trial in an action tried without a jury

for "any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States."

**5.** Rule 60(b)(1) allows a court to relieve a party from a final judgment, order or proceeding because of "mistake, inadvertence, surprise, or excusable neglect." Section (b)(6) allows a court to grant relief for "any other reason justifying relief from the operation of the judgment."

**6.** The district court in *Burnam* reconsidered its order sua sponte; therefore, it is factually different from the present case. Nonetheless, the appellate court's analysis of the situation in *Burnam* applies here as well.

posed.[7] However, ten days later, the court issued an order in which it reviewed Burnam's memorandum in opposition to the motion to dismiss. While undertaking this reconsideration, the district court decided that its earlier decision to dismiss had been correct. *Id.* Thus, it entered a second order as a "clarification" of the first. *Id.* at 1231.

This Court held that this sequence of events was most like a Rule 59(e) motion to alter or amend a judgment. By the time the district court examined Burnam's memorandum of law, the complaint had already been dismissed. Consequently, in evaluating the memorandum, the district court had to consider whether it should vacate the judgment of dismissal. Such action is usually characterized as a Rule 59(e) motion. *Id.* at 1232.

A similar analysis is necessary in the present case. On the motion for reconsideration below, the district court stated that it would vacate its prior order "if plaintiff were to establish material facts were in dispute, or if plaintiff were to present argument that would discount defendant's prior arguments." *Livernois v. Medical Disposables, Inc.,* No. C85–3403A (N.D.Ga. Feb. 18, 1987). In its order, the district court discussed the law of at-will employment contracts and concluded that summary judgment was proper in this case. Although the facts and motions involved here were different from those involved in *Burnam,* the *Burnam* analysis suggests that the case at bar also involved a Rule 59 motion.

This conclusion finds further support in our case law. In *United States v. Eastern Air Lines,* 792 F.2d 1560 (11th Cir.1986), Eastern contended that this Court lacked jurisdiction because the appellant, the Federal Aviation Administration ("FAA"), failed to file a timely notice of appeal. However, after summary judgment had been entered in Eastern's favor, the FAA had filed a Rule 59 motion for "reconsideration." As was the case here, the FAA failed to label its motion for reconsideration as a motion to amend the judgment. *Id.* at 1562. Nonetheless, the Court held that the motion for reconsideration tolled the running of the filing period. After first noting that nomenclature was not controlling in evaluating these motions, the Court said that:

> All a rule 59 motion need do is request relief which may be granted. Here, the FAA requested the district court to change its order and deny Eastern summary judgment—relief cognizable by rule 59. Accordingly, we conclude that the FAA's motion for reconsideration was a proper rule 59 motion.

*Id.* (citations omitted).

Under the law of *Burnam* and *Eastern,* Livernois' motion for reconsideration was cognizable under Rule 59(e). That Livernois failed to label the motion correctly does not change the treatment it receives from this Court.[8] Since a Rule 59 motion was timely filed, Livernois was allowed to file his notice of appeal 30 days after the disposition of the Rule 59 motion. Thus, Livernois' notice of appeal was timely,[9] and this Court can review the district court's grant of summary judgment to the Company.

### B. *Summary Judgment*

In determining the appropriateness of a district court's grant of a summary judgment motion, an appellate court's review is

---

7. Burnam had failed to file her answer to the appellee's motion to dismiss within the required time period. *Burnam,* 738 F.2d at 1232. As in the case at bar, *Burnam* involved the time limits for filing responsive memoranda pursuant to the local rules of the Northern District of Georgia.

8. Moreover, Livernois' claim that the district court should reconsider his case based on his "excusable neglect" in failing to file opposing memoranda does not change our view. Just because Livernois used a phrase found in the text of Rule 60(b)(1) in his motion does not mean that this is a Rule 60 motion.

9. Livernois filed his notice of appeal on March 23, 1987, 31 days after the district court's disposition of the Rule 59 motion on February 20, 1987. However, the 30th day after February 20th was a Sunday. Therefore, Livernois was permitted to file on Monday, March 23, 1987. Fed.R.App.P. 26(a).

"plenary, and is conducted utilizing the same legal standards as those used in the district court. Summary judgment is appropriate if the moving party establishes that there is no genuine issue as to any material fact and he is entitled to a judgment as a matter of law." *Carlin Communication, Inc. v. Southern Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir.1986) (citations omitted).

To determine if the moving party meets his burden of proof, the court must view all evidence and inferences to be drawn from it in a light most favorable to the nonmoving party. All reasonable doubts must be resolved in the nonmoving party's favor. If the court determines that a genuine factual dispute exists, it must deny the motion for summary judgment. *Id.*

Recently, the Supreme Court addressed the burdens of proof which each party carries when a court entertains a motion for summary judgment:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

The Court went on to state that Rule 56(c) requires the nonmoving party to identify specific facts which demonstrate that there is a genuine issue for trial. The nonmoving party may not rest merely on the allegations or denials in its pleading. *Id.* 106 S.Ct. at 2553; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). However, the Supreme Court has stressed "that the plaintiff, to survive the defendant's motion, need only present evidence from which a jury might return a verdict in his favor. If

he does so, there is a genuine issue of fact that requires a trial." *Anderson*, 106 S.Ct. at 2514–15.

In the present case, Livernois failed to present any evidence in opposition to the Company's motion for summary judgment. However, this does not mean that the district court's granting of the Company's summary judgment motion was correct. The party moving for summary judgment (here, the Company):

> *always* bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex*, 106 S.Ct. at 2553 (quoting Fed.R. Civ.P. 56(c)) (emphasis added). The quoted passage indicates that summary judgment against Livernois is not proper merely because he failed to designate specific facts which tended to prove his claim. Before the burden shifts to the nonmoving party to go beyond the pleadings to demonstrate a genuine issue, *id.*, the moving party must carry its burden of proof. Thus, this Court must determine if the Company satisfied its "initial responsibility" of demonstrating that no genuine issue of material fact existed as to each count of the complaint and, further, whether the Company was entitled to a summary judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

### 1. *Employment contract*

■ In its motion for summary judgment, the Company stated that there was no genuine issue of material fact because there was no written employment contract between the parties and because Livernois had been hired for an indefinite term. In other words, the Company claimed that Livernois was an at-will employee who could not receive damages for breach of contract.

Livernois did not deny that he was an at-will employee, nor did he claim damages for wrongful termination. Rather, he

claimed damages for breach of contract because the Company had failed to pay him various non-salary benefits which had accrued to him at the time he was discharged. This is distinct from the at-will problem. Thus, the Company failed to allege facts which controverted Livernois' claim that various damages had accrued to him under the oral contract.

Under Georgia law, an employee cannot sue to enforce future performance of an at-will employment contract and cannot seek damages for breach of that contract. *E.D. Lacey Mills, Inc. v. Keith,* 183 Ga. App. 357, 359 S.E.2d 148, 152 (1987). However, an at-will employee may sue for any compensation that is due him under an oral contract, based on services actually performed by him up to the time of discharge. *Id.* 359 S.E.2d at 153. In short, Georgia law provides that an at-will employee such as Livernois can recover damages which have accrued under the contract.

Livernois claims that the Company owes him damages under the contract because he incurred expenses for enrolling his son in school in the Atlanta area, for moving his family and for "other such damages." He claims that the Company had agreed to pay these expenses. In his complaint, Livernois also stated that he was entitled to benefits which had accrued under the contract. These included severance pay, a bonus, an automobile, reimbursement of personal expenses, and an equity position in the Company. Although a year-end bonus constitutes an executory promise which is not enforceable, *id.,* many of these expenses may have accrued under the contract before Livernois was terminated. However, the Company did not address this issue in its summary judgment motion. Rather, it focused on the fact that Livernois was an at-will employee and, therefore, could be terminated without liability.[10]

This argument misses the point of Livernois' complaint, which contends that benefits had accrued under the oral contract but had not been paid. Because the Company did not discuss this issue in the pleadings or in its motion for summary judgment, it did not satisfy its burden of "informing the district court of the basis of its motion." Accordingly, there remains a genuine issue of material fact on the question whether Livernois was owed money under the oral contract at the time of termination. Summary judgment was not appropriate on this claim.

### 2. Fraudulent misrepresentation

Regarding the second issue on which summary judgment was granted, Livernois again failed to carry his burden of presenting any facts beyond the pleadings to demonstrate that a genuine issue of material fact existed. Unlike the contract issue above, however, the Company carried its burden on this question. It denied that its agent, William Smith, had knowingly and falsely told Livernois that the new purchasers of the Company would put money into the Company. Instead, Smith stated in his deposition that he merely told Livernois that he believed that the Company would receive new money and would have possibilities for growth. Deposition of William Smith at 10. Georgia law states that, "[a]lthough fraud can be predicated on a misrepresentation as to a future event where the defendant knows that the future event will not take place, fraud cannot be predicated on a promise which is unenforceable at the time it is made." *Beasley v. Ponder,* 143 Ga.App. 810, 240 S.E.2d 111 (1977) (citations omitted). Under the Company's view of the evidence, which was uncontradicted at the summary judgment stage, Smith's statement could only constitute an unenforceable future promise for

---

10. The Company relies on *Walker v. General Motors Corp.,* 152 Ga.App. 526, 263 S.E.2d 266 (Ga.App.1979), for the proposition that any oral promises could not be enforced because the at-will contract was unenforceable. However, *Walker* involved an oral promise to an at-will employee that his pay would be increased in the future. *Id.* 263 S.E.2d at 267. In *Keith,* the Georgia Appeals Court stated that a promise to change compensation in the future is unenforceable because neither party is bound to continue performance. *Keith,* 359 S.E.2d at 154. In the case at bar, Livernois seeks to secure benefits which he asserts had already accrued to him. This is a permissible cause of action under *Keith, id.;* yet, the Company did not even mention this line of cases in its brief or in argument before this Court.

which no fraud cause of action will lie under Georgia law. *Id.* Similarly, statements that the Company had a good future were expressions of opinion or mere "puffing," neither of which will serve as the basis for a fraud action. *U–Haul Co. v. Dillard Paper Co.,* 169 Ga.App. 280, 312 S.E.2d 618, 620 (1983).

By failing to produce affidavits, depositions, or admissions at the summary judgment hearing to the effect that Smith had knowingly misrepresented the Company's intentions, Livernois did not carry his burden of proof in opposing the summary judgment motion. Accordingly, there was no genuine issue of material fact regarding this claim, and summary judgment is appropriate as a matter of law.

## III. CONCLUSION

In sum, on the question of the Company's fraudulent misrepresentation, we AFFIRM the district court's grant of summary judgment. On the issue of the oral employment contract, we REVERSE, and we REMAND the case to the district court for further proceedings on the question whether the benefits Livernois claimed under the contract had accrued at the time of discharge.

AFFIRMED in part, REVERSED in part, and REMANDED.