**In re Keith A. CRAWFORD and Jean P. Crawford, Debtors.**

**James A. Meinhardt and Diane L. Meinhardt, Plaintiffs,**

**v.**

**Keith A. Crawford and Jean P. Crawford, Defendants.**

Bankruptcy No. 99–0628–8P7. Adversary No. 99–169.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 25, 2000.

Buddy D. Ford, Tampa, FL, for defendant.

Stephen L. Meininger, Meininger, Bianco & Porto, P.A., Tampa, FL, Chapter 7 Trustee.

Lee L. Haas, Haas & Castillo, P.A., Clearwater, FL, for plaintiff.

## *ORDER ON PLAINTIFFS' MOTION FOR REHEARING AND/OR RECONSIDERATION OF ORDER ON DEFENDANT'S EMERGENCY MOTION TO REOPEN RECORD (Docket # 94)*

ALEXANDER L. PASKAY,
Bankruptcy Judge.

This is the next chapter in the ongoing seemingly endless litigation which commenced by a Complaint filed by Mr. James A. Meinhardt and Diane L. Meinhardt (Plaintiffs) against Keith A. Crawford and Jean P. Crawford (Debtors). The original Complaint sought the determination that the debt owed by the Debtors to the Plaintiffs shall be excepted from the overall protection of the general bankruptcy discharge pursuant to Section 533(a)(2)(A). The Plaintiffs also sought the imposition of a constructive trust and an equitable lien on the current residence of the Debtors.

The present Motion under consideration is entitled Motion For Rehearing and/or Reconsideration of the Order on Defendant's Emergency Motion To Reopen the Record, filed by the Plaintiffs (Docket # 94) filed in the above captioned adversary proceeding. The contention of the Plaintiffs is threefold: First, counsel for Plaintiffs contend that this Court should not have granted the Defendant's Motion to Reopen the Record entered on September 12, 2000, because the Motion to Reopen was not filed within 10 days as required by Fed.R.Civ.P. 59 as adopted by F.R.B.P. 9023. Therefore, this Court had no jurisdiction to entertain the Emergency Motion to Reopen filed by the Debtors. Second, it is the contention of counsel for the Plaintiffs that to the extent the Emergency Motion to Reopen was filed pursuant to Fed.R.Civ.P. 60(b)(2) as adopted by F.R.B.P. 7062(b) was not supported by law because the so called newly discovered evidence upon which the motion was based cannot be considered as newly discovered evidence as a matter of law.

Lastly, counsel for Plaintiffs urge that new evidence which Debtors intended to use was not relevant as a matter of law because under substantive law of the State of Florida which governs this lawsuit, which law this Court is required to follow by virtue of *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the Debtors have no right to the relief they are seeking because the value of the home must be measured at the time the property was sold and nothing which might have happened thereafter is of any consequence.

In opposition to the Motion, counsel for Defendants points out that this record leaves no doubt that first, he never filed a motion for a new trial, thus the 10–day time limit for seeking a new trial as provided for by Fed.R.Civ.P. 59 as adopted by

F.R.B.P. 9023 is not applicable. Concerning the challenge of the Plaintiffs of the Emergency Motion based on Fed.R.Civ.P. 60(b)(2) as adopted by F.R.B.P. 9024(b)(2) is equally without merit for the simple reason that this adversary proceeding was never concluded by entry of a final judgment which resolved all issues; therefore, the emergency motion was proper when filed prior to the entry of the dispositive final judgment.

In order to place this hard fought controversy in proper perspective, recital of the procedural aspects which are relevant to the issues under consideration of this adversary proceeding is appropriate. The Complaint of the Plaintiffs was filed on March 10, 1999. After resolving several pretrial disputes and disposing of a Motion for Summary Judgment filed by the Plaintiffs, this Court scheduled a final evidentiary hearing for December 14, 1999. On January 10, 2000, this Court entered its Partial Final Judgment. This Partial Final Judgment ruled in favor of the Plaintiffs against the Debtors and declared the liability of the Debtors to Plaintiffs nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

On Count II of the Complaint, the Court ruled in favor of the Defendants which involved the request for the imposition of a constructive trust. As to the claim set forth in Count III, this Court entered a Partial Final Judgment in favor of the Plaintiffs by imposing an equitable lien against the Defendants' homestead. As to the claim in Count IV, which sought a rescission of the sale of the home by the Debtors to the Plaintiffs, this Court ruled in favor of the Defendants against the Plaintiffs. The Partial Final Judgment also provided that the amount of dischargeable debt would be dealt with by separate order. The Partial Final Judgment was accompanied by this Court's Findings of Facts, Conclusions of Law and Memorandum Opinion on the same date of the entry of Partial Judgment, January 10, 2000.

On January 18, 2000, the Plaintiffs filed a Motion for Reconsideration and Clarification of this Court's Partial Final Judgment. On January 27, 2000, this Court granted the Motion for Rehearing and scheduled this hearing for February 22, 2000. On February 8, 2000, this Court granted 30 days to the Plaintiffs after the Court ruled on the Motion for Reconsideration and Clarification to request the scheduling of a final evidentiary hearing on the issue of damages. On March 23, 2000, the Debtors filed a Motion for Relief from Judgment Based on Newly Discovered Evidence, Fraud Upon the Court, Misrepresentation and Misconduct by the Defendants. This Motion was directed to the Partial Final Judgment entered on January 10, 2000.

On September 11, 2000, this Court entered an Order denying Debtor's Motion for Relief from Judgment as having been superseded by the Motion to Reopen the Record. On September 12, this Court entered an Order granting Debtor's Motion to Reopen Record and deferred ruling on the Debtor's alternative motion, which sought modification of the Partial Final Judgment, and scheduled a final evidentiary hearing to enable the Debtors to present competent evidence to establish newly discovered evidence.

On September 22, the Plaintiffs filed the current motion under consideration, Plaintiffs' Motion for Rehearing and/or Reconsideration of Order on Defendants' Emergency Motion to Reopen the Record. In addition, the Plaintiffs filed two Motions for Sanctions on counsel for the Debtors based on the alleged violation of F.R.B.P. 9011 and the Motion to Award Attorneys' Fees and Costs to Plaintiffs against coun-

sel for Debtors pursuant to 28 U.S.C. § 1927.

Basically, these are the relevant facts which appear from the record and upon which the Plaintiffs base their contention that this Court is without jurisdiction to receive evidence on the alleged newly discovered evidence at the final evidentiary hearing scheduled by Order of September 12, 2000. Plaintiffs also request a ruling on its original Motion filed January 18, 2000, in which the Plaintiffs sought reconsideration and clarification of this Court's Partial Final Judgment and to fix the amount of the debt which has been declared to be nondischargeable.

■ The first prong of the argument by counsel for the Plaintiffs is based on Fed.R.Civ.P. 59 as adopted by F.R.B.P. 9023. In support of their motion, counsel cites the following authorities: *Boryan v. United States,* 884 F.2d 767 (4th Cir.1989) (holding the standard governing relief on the basis of newly discovered evidence is the same whether the motion is brought under rule 59 or 60); *Pinion v. Dow Chemical,* 928 F.2d 1522 (11th Cir.1991) (holding that in order to be considered timely, post-trial motions pursuant to Rules 50(b) or 59 must be served within ten (10) days after entry of the district court's judgment); *Burnam v. Amoco Container Co.,* 738 F.2d 1230 (1984) (Filing of timely notice of appeal from federal district court is jurisdictional pre-requisite).

The reliance of Plaintiffs' counsel on the 10–day rule set forth in Fed.R.Civ.P. 59, and F.R.B.P. 9023 would be certainly well taken if counsel for the Debtor filed a Motion For New Trial. It is clear that in his Motion, counsel for Debtor did not seek a new trial. In his Motion, counsel sought a judgment based upon newly discovered evidence, fraud upon the court, misrepresentation and misconduct by the Defendants. It is evident from the foregoing that the attack by counsel for the Plaintiffs set forth in the Motion for Reconsideration based on a time bar provided for by Fed.R.Civ.P. 59 and F.R.B.P. 9023 is not well taken and these rules are not relevant and have no bearing on this Court's jurisdiction to consider the newly discovered evidence.

■ This leads to the next prong of the attack of counsel for the Plaintiffs on the Debtor's right to present newly discovered evidence which is based on the proposition that newly discovered evidence which may warrant reopening the record and permitting introductions of this so called newly discovered evidence must be sought to be introduced prior to the entry of a final judgment and most importantly, it must relate to a fact which existed at the time and during the trial. Counsel for the Plaintiffs cited an overwhelming number of cases supporting both propositions. This Court has no difficulty accepting the proposition that the holding of the cases cited by counsel correctly represents the controlling law. Counsel for Plaintiff cites *Government Financial Services v. Peyton Place, Inc.,* 62 F.3d 767 (5th Cir.1995) (holding the movant must show that newly discovered evidence must not have been able to be obtained before or during trial, even with due diligence); *N.L.R.B. v. Jacob E. Decker and Sons,* 569 F.2d 357 (5th Cir.1978) (holding that the evidence must have been in existence at the time of the trial to justify the grant of a new trial). The Court is equally satisfied that it is true that the evidence proffered must be acceptable as truly newly discovered evidence in that it relates and establishes the effect in existence at the time during the trial.

The difficulty with this proposition should be evident when one considers this record. First, this adversary proceeding

was never concluded with finality. The Partial Final Judgment entered on January 10, 2000, was clearly nothing but a Partial Judgment and it left open for resolution the amount of damages which the Plaintiffs seemed to have suffered as a result of claimed fraud and misrepresentations by the Debtors. Even a cursory analysis leaves no doubt that it left for resolution two additional issues crucial to the entry of a final dispositive order: the first, determination of the amount of damages claimed to have suffered by the Plaintiffs, and second, the amount of credit, if any, that should be given to the Debtors against the damages awarded when granted for the value of the house when purchased and retained.

In sum, it is clear the Motion based on the Fed.R.Civ.P. 60(b)(2) and F.R.B.P. 9024(b)(2) was brought within one year and was timely because the controversy was not resolved with finality. Moreover, the proffered evidence which the Debtors intend to use was crucial to the ultimate resolution of the claims of the Plaintiffs simply because it appears that the home provided by the Plaintiffs was in fact sold and a closing occurred approximately one week prior to the April 26, 2000, hearing.

Before the Court on April 26, 2000, was Defendants' Motion for Relief from Judgment based Upon Newly Discovered Evidence, Fraud upon the Court, Misrepresentation and Misconduct. Defendants filed this Motion upon discovering that the Plaintiffs had listed the property for sale for an amount more than they purchased the property from the Defendants. At this hearing, counsel for Plaintiffs made several references to the listing of the property, and cited case law stating "in proving the value of property, it is improper to admit testimony of an alleged offer of a particular price for the property as intending to show its value." (Transcript of Hearing April 26, 2000, at page 16, lines 23–25.) Counsel for Plaintiff asserted that the amount of an offer on property is not relevant to its value. (Transcript at page 17, line 3.) Plaintiffs' counsel then cited case law holding that the amount of damages in a breach of contract action should be determined by the difference in value between the purchase price and the actual value at the time of the sale. *E.g., Teca, Inc. v. WM–TAB, Inc.,* 726 So.2d 828 (Fla. 4th DCA 1999). However, Plaintiffs' counsel failed to inform the Court that the closing on this property had already occurred. This was a hearing on the original Motion for Relief from Judgment filed by the Debtors Based upon Newly Discovered Evidence, Fraud upon the Court, Misrepresentation and Misconduct by the Plaintiffs. Thus, it cannot be gainsaid that the fact the property was sold could not have been known at or prior to the conclusion of the final evidentiary hearing held April 26, 2000.

Furthermore, at the hearing held August 1, 2000, on Defendants' Emergency Motion to Reopen Record, or Alternatively, to Modify Judgment, Based upon Newly Discovered Evidence, Plaintiffs' counsel proffered, ". . . the only 'new ground' that Mr. Ford is able to offer is that the house has sold subsequent to April 26, 2000." (Transcript of August 1, 2000, hearing at page 7, lines 12 – 14.) However, the record belies this contention because Mr. Ford never stated in his Motion that the house was sold subsequent to April 26, 2000. Nor did he say so at the hearing on August 1, 2000.

It appears that on January 18, 2000, the Plaintiffs filed a Motion for Reconsideration and Clarification of the Partial Final Judgment and Findings of Fact, Conclusions of Law and Memorandum Opinion entered by this Court on January 10, 2000. Unfortunately, through _oversight, this

Court never entered an Order on the Plaintiffs' Motion for Reconsideration and Clarification. In that Motion, the Plaintiff sought an entry of a money judgment claiming to represent damages the Plaintiffs suffered as a direct result of fraudulent representations of the Debtors. It is now evident from the record that the ruling on that Motion would depend on the ruling on the present Motion under consideration which shall be entered after the conclusion of the evidentiary hearing to consider the newly discovered evidence the Defendants intend to offer in support of their Motion. Therefore, it is appropriate to defer ruling on this Motion filed by Plaintiffs.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that Plaintiffs' Motion for Rehearing and/or Reconsideration of the Order on Defendant's Emergency Motion to Reopen the Record (Doc. # 94) be, and the same is hereby, denied.

It is further

ORDERED, ADJUDGED AND DECREED that a final evidentiary hearing to receive newly discovered evidence be and the same is hereby scheduled to be held before the undersigned in Courtroom 9A, Samuel M. Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, Florida on Nov. 15, 2000 at 2:15 p.m.

It is further

ORDERED, ADJUDGED AND DECREED that in light of the foregoing, this Court is satisfied that the Motion for Attorneys' Fees and Costs filed by the Plaintiffs is not well taken and the same is hereby denied.

It is further

ORDERED, ADJUDGED AND DECREED that ruling on the Plaintiffs' Motion for Reconsideration and Clarification (Doc. # 49) be, and the same is hereby, deferred pending resolution of the Defendants' Alternative Motion to Modify Judgment Based upon Newly Discovered Evidence resolved by order of this Court.