[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12395
Non-Argument Calendar

_____

D.C. Docket No. 2:13-cv-251-WCO


SAUL LOPEZ,
an individual,
DARLA LOPEZ,
an individual,

                                                                Plaintiffs–Appellants,


versus


FIRST HORIZON HOME LOAN CORP.,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
Herein Referred to as "Trust 2007 – 1"
as trustee for Securitized Trust Fannie Mae Remic Trust 2007-1,
UNKNOWN DEPOSITOR,
MORTGAGE ELECTRONIC REGISTRATION SYSTEM,
a.k.a. MERS,
DOES 1 THROUGH 100, INCLUSIVE,

                                                                Defendants–Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 12, 2015)

Before JORDAN, JILL PRYOR and DUBINA, Circuit Judges.

PER CURIAM:

Saul and Darla Lopez appeal the denial of their motion for reconsideration of the district court's order denying them an extension of time to appeal under Federal Rule of Appellate Procedure 4(a)(5). After carefully reviewing the record and the parties' briefs, we affirm.

## I.

In 2013, the Lopezes wanted to stop a foreclosure on their home. Proceeding pro se, they jointly filed a multicount civil action against multiple defendants in Georgia superior court. In November 2013, Defendants Federal National Mortgage Association, as trustee for Securitized Trust Fannie Mae REMIC Trust 2007-1, and Mortgage Electronic Registration Systems, Inc. (joined by First Horizon Home Loan Corp.) removed the action to federal court based on federal-question jurisdiction. A week later, all named Defendants moved to dismiss the action. The Lopezes never responded to these motions. On January 2, 2014, the district court granted Defendants' unopposed motions to dismiss, and the clerk entered final judgment that same day.

2

The Lopezes failed to file a notice of appeal within 30 days of the entry of final judgment. *See* Fed. R. App. P. 4(a)(1)(A). So on February 28, after hiring counsel, they moved for an extension of time to appeal. To prevail on their motion, they had to show that they missed the appeal deadline based on excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5)(A)(ii).

Although no hearing had been requested, the district court held one to afford the Lopezes a chance to show that their failure to timely appeal was based on excusable neglect or good cause. At that hearing, the Lopezes stated (more than once) that they missed the appeal deadline because they were ignorant of the law. These statements were consistent with their reasons in the motion: their pro se status and inability to afford to hire an attorney until the deadline passed. Not surprisingly, they did not rest their request for an extension of time on these reasons. Instead, they emphasized that the *Pioneer*[1] factors—the danger of prejudice to Defendants, the length of the delay, and whether they had acted in good faith—tipped strongly in their favor. They also contended that the fourth *Pioneer* factor—the reason for the delay, including whether it was within their control—tipped in their favor when their pro se status and ignorance of law were considered.

On March 21, the district court denied the Lopezes' motion for an extension of time to appeal. In doing so, the court correctly explained that *Pioneer* requires consideration of all relevant circumstances surrounding their failure to timely

---

[1] *Pioneer Inv. Servs. Co. v. Brunswick Assoc., L.P.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993).

3

appeal. *See* 507 U.S. at 395, 113 S. Ct. at 1498. The court then noted that no court in our circuit has concluded that "self-representation and financial problems are enough to establish excusable neglect." Doc. 14 at 2–3. After considering all relevant circumstances, as *Pioneer* requires, the court determined that the Lopezes failed to show excusable neglect or good cause for missing the appeal deadline.

Thirty-one days later, on April 21, the Lopezes moved for reconsideration of the district court's March 21 order. This motion was based solely on Northern District of Georgia Local Rule 7.2E. According to the Lopezes, reconsideration was warranted because the denial of their motion was based on clear error: failure to consider all of the *Pioneer* factors. The district court denied their motion for reconsideration, finding that it did not err by giving greater weight to their reason for delay (i.e., their pro se status, indigence, and ignorance of the law) than to the other *Pioneer* factors. The next day, the Lopezes appealed.

## II.

The only issue on appeal is whether the district court abused its discretion in denying the Lopezes' motion for reconsideration.[2] *See Aldana v. Del Monte Fresh Produce N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (holding that "we review a district court's denial of a Rule 60(b)(6) motion for abuse of discretion").[3]

---

[2] Even after hiring counsel, the Lopezes failed to timely appeal the district court's March 21 order. Hence, that order is not under review.

[3] As noted, the Lopezes' moved for reconsideration under Local Rule 7.2E, N.D. Ga. This local rule, like Federal Rule of Civil Procedure 59(e), plainly requires that motions for reconsideration be filed no more than 28 days after the entry of the order or judgment. Even so, the Lopezes waited 31 days—three days too long—to move for reconsideration of the March 21 order. The district court did not deny their motion as untimely but rather did so on the merits.

4

## III.

Our review of an order denying a Rule 60(b) motion "is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying [order] for review." *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) (quoting *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999)).  The burden on the appealing party is heavy.  *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006).  To succeed, that party "must demonstrate a justification for relief so compelling that the district court was required to grant [the] motion." *Maradiaga*, 679 F.3d at 1291 (alteration in original) (quoting *Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996)) (internal quotation marks omitted).  That is, the appealing party cannot merely

---

*Accord Insituform Techs, Inc. v. AMerik Supplies, Inc.*, 850 F. Supp. 2d 1336, 1348–49 (N.D. Ga. 2012) (exercising discretion under Local Rule 7.1F to consider untimely motion for reconsideration under Local Rule 7.2E).

   In any event, because the Lopezes moved for reconsideration more than 28 days after the entry of the March 21 order, we consider their motion to be analogous to one under Federal Rule of Civil Procedure 60(b).  *See Livernois v. Med. Disposables, Inc.*, 837 F.2d 1018, 1020 (11th Cir. 1988) (holding that our court could "conduct an independent determination of what type of motion [i.e., Rule 59 or Rule 60] was before the district court"); *see also Finch v. City of Vernon*, 845 F.2d 256, 258 (11th Cir. 1988) (noting that generally Rule 59(e) applies to motions for reconsideration seeking to alter or amend some aspect of the judgment and that Rule 60(b) applies to motions for reconsideration of a collateral matter).

   Under Rule 60(b), the district court may relieve a party from a final judgment, order, or proceeding for six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not previously have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment has been satisfied, released, or vacated or that would no longer be equitable to apply; or (6) any other reason that justifies relief.  Here, the only reason that could apply is the catchall provision of Rule 60(b)(6).  Accordingly, we review the district court's order denying the Lopezes' motion for reconsideration under Local Rule 7.2E like an order denying relief under Rule 60(b)(6).

5

show that granting the Rule 60(b) motion "might have been permissible or warranted"; instead, such party must show that the denial was "sufficiently unwarranted as to amount to an abuse of discretion."  *Cano*, 435 F.3d 1342 (quoting *Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).

"Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'"  *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (quoting *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1324 (11th Cir. 2005) (internal quotation marks omitted)).  In other words, the district court abuses its discretion "if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous."  *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1068 (11th Cir. 2014) (quoting *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1173 (11th Cir. 2010)) (internal quotation marks omitted).

## IV.

After carefully reviewing the denial of the Lopezes' motion for reconsideration, we conclude that the district court did not use the wrong legal standard, apply the law unreasonably or incorrectly, follow improper procedures, or make clearly erroneous findings of fact.  Accordingly, we hold that the district court did not abuse its discretion in denying this motion, and we affirm its order.

6

AFFIRMED.