**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

———————————————

No. 25-12980

Non-Argument Calendar

———————————————

ALEX MARTINEZ,

*Plaintiff-Appellant,*

*versus*

UNITED STATES OF AMERICA,

CIVIL PROCESS CLERK,

   U.S. Attorney's Office for D.C.,

CIVIL LITIGATION SECTION,

   Department of Justice Canada,

*Defendants-Appellees.*

———————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:25-cv-02494-MHC

———————————————

Before NEWSOM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Alex Martinez, proceeding pro se, appeals the district court's denial of his motion for reconsideration of that court's order dismissing his pro se complaint. Martinez argues that his motion for reconsideration was timely filed.

We review a district court's denial of a Rule 59 motion for abuse of discretion. *PBT Real Estate, LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021). We similarly review the denial of a Rule 60(b) motion to vacate for an abuse of discretion. *Big Top Koolers, Inc. v. Circus Man Snacks, Inc.*, 528 F.3d 839, 842 (11th Cir. 2008).

"A post-judgment motion may be treated as made pursuant to either Fed.R.Civ.P. 59 or 60—regardless of how the motion is styled by the movant—depending on the type of relief sought." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). No later than 28 days after entry of a judgment, a party may move a district court to alter or amend it. Fed. R. Civ. P. 59(e). However, a court may grant a Rule 59(e) motion only on the basis of newly discovered evidence or manifest errors of law or fact, and a party may not use such a motion to "relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment." *PBT Real Estate, LLC*, 988 F.3d at 1287 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)) (citation modified).

Under Rule 60(b), the district court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). We have noted that where a district court must consider whether it should vacate a judgment of dismissal, the motion is usually characterized as having been filed under Rule 59(e). *Livernois v. Medical Disposables, Inc.*, 837 F.2d 1018, 1021 (11th Cir. 1988).

We have held that a legal claim or argument that has not been briefed is deemed abandoned and that its merits will not be addressed. *Access Now, Inc. v. S.W. Airlines, Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). An appellant fails to adequately brief a claim when he does not "plainly and prominently raise it." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014) (citation modified). A party forfeits an issue when he fails to devote a discrete section of his argument to that issue. *Id.*

Here, the district court did not err when it denied Martinez's motion for reconsideration because it properly construed the motion as brought under Rule 59(e) and denied it as untimely. In his motion, Martinez failed to articulate any of the specified grounds upon which a movant may request relief from a judgment or order in Rule 60(b). *See* Fed. R. Civ. P. 60(b). And Martinez filed the motion on June 23, 2025, which was 41 days after the district court issued its order dismissing his complaint on May 13, 2025, and well outside of the 28-day deadline in Rule 59(e). Fed. R. Civ. P. 59(e).

4                          Opinion of the Court                          25-12980

Additionally, Martinez forfeited any argument challenging the order dismissing his complaint by failing to raise it in his initial brief. Accordingly, this appeal is **DISMISSED**.