WESSEL, JOHN D., Associate Judge.
Appellant, Richard G. Llope, seeks reversal of a final summary judgment in the amount of a deficiency resulting from a real estate foreclosure sale. We reverse.
The appellee, Federal Savings and Loan Insurance Corporation, was appointed as the receiver for the Sunrise Savings and Loan Association after the financial failure of that lending institution.
Prior to its financial collapse, Sunrise Savings and Loan Association made a loan to a corporation called Duke-Llope Enterprises, Inc. Richard G. Llope and Walter B. Duke, Jr., personally guaranteed the repayment of the loan.[1] The deficiency was the result of the foreclosure of the real property which was the security for the appellant’s loan and personal guarantee.
The FSLIC filed suit to collect the amount of the deficiency from appellant *436 and Duke. As an affirmative defense to the suit, appellant asserted that he and Duke had settled the foreclosure action with Sunrise by means of a stipulation agreement. The agreement provided that Sunrise would release Llope and Duke from the personal guaranties they had executed in exchange for said guarantors agreeing “not to oppose foreclosure of the mortgage or foreclosure sale or issuance of title; ... not to move for delay or judgment, sale or issuance of title; ... not to move for relief from any order, judgment or sale; ... not to appeal from any order, judgment or sale; ... not to file Bankruptcy.” It is conceded that neither Duke nor Sunrise executed the agreement. However, appellant contends the agreement was fully complied with as to all of its conditions. The FSLIC denies that any agreement was entered into and that any acts were carried out in compliance with the agreement. Furthermore, the FSLIC asserts that the personal guarantee executed by appellant provides that “[n]o modification or waiver ... (of personal guarantee) shall be binding on the Holder unless in writing signed by an expressly authorized officer of the Holder.”
The trial court, relying on D’Oench, Duhme & Co. v. Federal Deposit Ins. Corp., 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956, reh’g denied, 315 U.S. 830, 62 S.Ct. 910, 86 L.Ed. 1224 (1942), and its progeny, granted the final summary judgment, pre-termitting the appellant from maintaining an affirmative defense based on estoppel.
The D’Oench doctrine was derived from a policy determined to be inherent in the protection and regulation of the banking system against “side deals” by banks which ultimately defaulted and which looked to regulatory agents and taxpayers as responsible for the protection of the bank assets and the integrity of the insurance fund.
Justice Douglas, writing in D’Oench for the Court about the misrepresentation of assets caused by side deals in bank portfolios, stated that the “test is whether the note was designed to deceive the creditors or the public authority, or would tend to have that effect.” Id. at 460, 62 S.Ct. at 681, 86 L.Ed. at 963.
In the instant case, the appellant was not dealing with a regulated institution, but rather with an agent of the Regulator which was attempting to resolve a claim in litigation brought by the regulator and which claim originated after the creation of the original obligation between the lender and appellant.
When Sunrise attempted to deal directly with the debtor to resolve the claims by entering into an agreement with the personal guarantor, it did so in a different capacity than that of a regulated thrift seeking to avoid a “side deal” made contemporaneously with the obligation. Here no act of omission or misrepresentation was engaged in by the debtor, the appellant, in procuring the agreement or in abub ing by the terms and conditions of the agreement nor did the appellant engage in any other activity which would have that effect.
If in fact the conduct of the appellant was not innocent, or if he acted in some way toward a scheme, as determined from the facts, then the trier of facts may deny the availability of the doctrine of estoppel. Federal Deposit Ins. Corp. v. Meo, 505 F.2d 790 (9th Cir.1974).
This case is not analogous to Langley v. Federal Deposit Ins. Corp., 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987). The facts in Langley are remarkably similar to the instant case, except that before the Langley court was the issue of determining the meaning of the term “an agreement.” The interpretation in Langley as to the meaning of “an agreement” encompassed a broader view of the agreement, rather than the mere written terms which included any acts or actions by the parties which would be interpreted as part of the agreement. The timing of these acts by the parties to the execution of the agreement was critical to the decision in Langley.
In the instant case the agreement which the appellant claims was performed and relied upon by Sunrise may give rise, as a *437 matter of law, to a defense of estoppel if established by the facts at trial.
Consequently, the final summary judgment must be reversed and the case remanded for a trial on its merits.
DOWNEY and WARNER, JJ., concur.

. Duke is not a party to this appeal.