The **RESOLUTION TRUST CORPORATION as Conservator of Royal Palm FS & LA, by the FEDERAL DEPOSIT & INSURANCE CORPORATION,** Plaintiff,

v.

**William C. CLARK, etc., Defendants.**

**No. 89–8176–CIV–EPS.**

United States District Court, S.D. Florida.

July 27, 1990.

Claudia M. McKenna, W. Palm Beach, Fla., for plaintiff.

Carol M. Brewer, North Palm Beach, Fla., Kerry Schwencke, West Palm Beach, Fla., for defendants.

## MEMORANDUM OPINION

SPELLMAN, District Judge.

## ORDER ADOPTING AND AFFIRMING MAGISTRATES REPORT AND RECOMMENDATION AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon the Report and Recommendation of the United States Magistrate Peter Palermo that the Motion for Summary Judgment filed by Plaintiff, RESOLUTION TRUST CORPORATION (RTC) September 7, 1989 be granted. For the reasons stated below, the Court agrees with the Magistrate's Recommendation, and accordingly adopts and affirms.

## FACTS

In June 1985 Defendant Clark individually, and as trustee executed and delivered a promissory note and mortgage for a $5,438,587.01 loan. In 1988 it was modified to encumber some Palm Beach County property. Defendant John C. Bills was the guarantor. Interest accrued at a rate of 11.75% and then at a rate 25% after default. The Defendants failed to pay the principal and interest. The entire debt presently stands at over $8 million. Defendants assert that the agreement between themselves and Royal Palm Bank had been altered orally and that this issue constitutes a genuine issue of material fact precluding the possibility of summary judgment for Plaintiff.

The Defendants claim that the alleged oral agreement is evidenced by a March 1988 escrow agreement, attached to the Response to the Motion for Summary Judgment filed by Defendant John C. Bills, which provided a deed in lieu of foreclosure as "further security" for the mortgage. Plaintiff contends that nothing in the escrow agreement provides that the "deed in lieu" was to be the exclusive remedy available. However, Defendants contend that this is what "in lieu of" means in plain English. Additionally, Plaintiff contends that the fact that Defendants agreed to provide such a deed does not mean Plaintiff agreed to finally accept it.

Defendants also contend that the Parol Evidence Rule, which bars oral statements which would contradict the terms of a written contract, does not operate here, since Defendants are alleging fraud in the inducement. Finally, Plaintiff states that Bills is liable as a matter law, inasmuch as he testified at deposition that he knew that there was no written agreement releasing him from liability.

## STANDARD FOR SUMMARY JUDGMENT

■ A motion for summary judgment may be granted only where, as a matter of law, there exists no issue of material fact as to any essential element of the case. Rule 56 Federal Rules of Civil Procedure. The party opposing a motion for summary judgement must identify specific facts which demonstrate that there is a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Livernois v. Medical Disposables Inc.*, 837 F.2d 1018, 1022 (11th

Cir.1988). Thus the non-moving party, to survive the motion for summary judgment, need only present evidence from which a jury might return a verdict in his favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Defendants have failed to do this, and Plaintiff is therefore entitled to summary judgment.

## LEGAL ANALYSIS

■ Plaintiff heavily relies on *D'Oench, Duhme and Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), for the proposition that the maker of a note is estopped from asserting an oral agreement as a defense against the FDIC[1]. Defendants assert that the *D'Oench* doctrine should not apply here. Its stated purpose is to protect the FDIC from having to guess at the value of an institution's assets when it takes over as conservator. Because in this case the FDIC (and now the RTC) took over after Royal Palm Bank had brought this foreclosure action, it took over with knowledge of Defendants, defenses and therefore does not need such protection. However, Plaintiff has presented a Supreme Court opinion as authority for the position that knowledge of alleged defenses by the FDIC is irrelevant to the applicability of the *D'Oench* doctrine. *Langley v. FDIC,* 484 U.S. 86, 108 S.Ct. 396, 401 and 402, 98 L.Ed.2d 340 (1987).[2]

Defendants place much reliance on *Llope v. FSLIC* 558 So.2d 435 (Fla. 4th DCA 1990), in which a Florida appellate court reversed the trial court's summary judgment where an oral stipulation of settlement presented an issue of estoppel. The Magistrate Palermo found the case to be inapposite to the case at bar because here the escrow agreement was executed by the parties, whereas in the *Llope* case there was no executed written agreement. Here the alleged agreement was with the bank itself, whereas the stipulation in *Llope* was a settlement of a suit brought by the regulator, reached with the regulator's agent. Finally, here there is a question of whether the escrow agreement was even complied with.

Moreover, even if the *D'Oench* doctrine did not apply, it is quite clear that Plaintiff did not intend the escrow agreement to replace all other available remedies. They made this clear in a letter to Defendants sent prior to the meeting, and also on the face of the modification agreement, the warranty deed and the escrow agreement (at p. 4.). Nor is any evidence presented to the contrary, except the argument that "in lieu of" has an obvious meaning. There is no reason why "a deed in lieu of foreclosure" could not be offered as a choice among other possible remedies. One could argue more convincingly that "further security" clearly means more security, not less. A deed in lieu of foreclosure which takes the place of all other remedies would not be additional security, but rather less.

As to the allegations of fraud in the inducement the Magistrate found no supporting evidence. Thus Defendants cannot defeat application of the Parol Evidence Rule. The Magistrate concluded that summary judgment should be granted. Upon review of the pleadings filed and cases cited therein, the Court cannot but reach the same conclusion. Accordingly and upon careful review of the record, it is hereby

ORDERED AND ADJUDGED that the Report and Recommendation of the Magistrate is ADOPTED AND AFFIRMED. Plaintiff's Motion for Summary Judgment is GRANTED as against Defendants CLARK and BILLS. Plaintiff shall submit a proposed Final Judgment within ten (10) days of this Order.

DONE AND ORDERED.

---

**1.** Subsequent cases have held that the *D'Oench* doctrine applies equally in cases brought by or against the FSLIC. *See Bell & Murphy and Associates, Inc. v. Interfirst Bank Gateway,* 894 F.2d 750 (5th Cir.1990).

**2.** It is not contested that most cases have applied all rules applicable to the FDIC equally to the FSLIC. *Langley* interprets the statutory enactment of the *D'Oench* doctrine, found at 12 U.S.C. § 1822(e). Courts have used cases interpreting the statute as authority for interpreting the *D'Oench* line of cases.