**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

RANDY STEVENS; ELISSA STEVENS,
*Petitioners-Appellants*,

v.

JIFFY LUBE INTERNATIONAL, INC.,
*Respondent-Appellee.*

No. 17-15965

D.C. No.
3:16-cv-07175-EMC

OPINION

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted October 10, 2018[*]
San Francisco, California

Filed December 27, 2018

Before: M. Margaret McKeown, William A. Fletcher,
and Jay S. Bybee, Circuit Judges.

Opinion by Judge McKeown

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

# SUMMARY[**]

## Federal Arbitration Act

The panel affirmed the district court's denial of a petition to vacate an arbitral award, based on the alternative ground that the petition of vacatur was filed one day late.

The panel held that the petitioners-appellants timely appealed to the Ninth Circuit where appellants filed their notice of appeal within thirty days from the district court's entry of the order disposing of their timely post-judgment motion. Fed. R. App. P. 4(a)(4). The panel rejected the appellee's argument that the appeal was untimely due to an "improper" post-judgment motion because Fed. R. App. P. 4(a)(4) does not consider the propriety of a post-judgment motion.

The panel held that Federal Rule of Civil Procedure 6(a) governed how to calculate the Federal Arbitration Act's three-month filing deadline under 9 U.S.C. § 12. Applying the three-step process of Rule 6(a), the panel concluded that the petition of vacatur was filed one day late.

## COUNSEL

Vincent M. Spohn, Law Offices of Vincent M. Spohn A.P.C., Napa, California, for Petitioners-Appellants.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Kirk C. Jenkins, Sedgwick LLP, Chicago, Illinois; Tara K. Clancy, Michael L. Fox, and Robert D. Eassa, Sedgwick LLP, San Francisco, California; for Respondent-Appellee.

## OPINION

McKEOWN, Circuit Judge:

Three months and one day after an arbitrator ruled against them, Randy and Elissa Stevens petitioned the district court to vacate the arbitral award. Their petition was one day late, and we affirm on that basis the district court's denial of the petition. In so doing, we hold that Federal Rule of Civil Procedure 6(a) governs how to calculate the Federal Arbitration Act's three-month filing deadline, and we clarify how to perform that calculation.

## BACKGROUND

For years, the Stevenses operated a service center as Jiffy Lube franchisees. In 2013, Jiffy Lube declined to renew its lease on the premises housing the service center, and the Stevenses tried unsuccessfully to negotiate a new lease directly with the landlord. Jiffy Lube terminated the franchise agreement because the Stevenses lost the right to possession of the premises.

Although the franchise agreement had a binding arbitration provision, the Stevenses sued Jiffy Lube. Soon after, however, the parties stipulated to dismissal in favor of arbitration. Following arbitral proceedings, the arbitrator issued a final award in favor of Jiffy Lube on September 14, 2016.

On December 15, 2016, the Stevenses petitioned the district court to vacate the arbitral award under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10.  On February 8, 2017, the district court entered judgment and a final order that assumed without deciding that the petition was timely and denied the petition on the merits.  The Stevenses timely filed a motion attacking the judgment under Federal Rules of Civil Procedure 59 and 60.  The district court denied the motion, and the Stevenses appealed.

## ANALYSIS

## I.  The Stevenses Timely Appealed to the Ninth Circuit

Because a timely appeal is a jurisdictional prerequisite, we first address Jiffy Lube's contention that the Stevenses untimely filed their notice of appeal.  *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 264–65 (1978).  The Stevenses had 30 days to file an appeal, calculated "from the entry of the order disposing of" their timely post-judgment motion.  Fed. R. App. P. 4(a)(4).  The district court denied the post-judgment motion on April 11, 2017, and the Stevenses filed a notice of appeal 29 days later, on May 10, 2017.

Jiffy Lube invites us to disregard what it views as an "improper" post-judgment motion, calculate the appeal deadline from the entry of judgment, and deem the notice of appeal untimely.  We have noted that "a judgment under § 13 of the FAA is not subject to Federal Rules of Civil Procedure 59 or 60."  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1133 (9th Cir. 2000).  But the unavailability of this remedy is not relevant for tolling purposes, as Federal

Rule of Appellate Procedure 4(a)(4) does not consider the propriety of a post-judgment motion.[1]

Rather, to toll the appeal deadline, the post-judgment motion must merely be timely, "under the Federal Rules of Civil Procedure," and among the types of motions listed in Federal Rule of Appellate Procedure 4(a)(4)(A)(i)–(vi). Fed. R. App. P. 4(a)(4). Consistent with these minimal requirements, our sister circuits have disregarded post-judgment motions not when they merely lack merit, but when they contravene the Federal Rules of Civil Procedure. *See, e.g.*, *State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 405–06 (3d Cir. 2016) (disregarding a Rule 60 motion challenging a non-final order, because Rule 60 permits relief from only a "final judgment, order, or proceeding"); *Feldberg v. Quechee Lakes Corp.*, 463 F.3d 195, 197 (2d Cir. 2006) (disregarding a "skeletal" Rule 59 motion, because the motion failed to satisfy Rule 7's requirement that it "state with particularity" the grounds on which it was based). To the extent the post-judgment motion must be proper, it is in this limited sense under the Federal Rules.

That the Stevenses' post-judgment motion was unavailing (or even unavailable) does not render it a procedural nullity. We decline the invitation to inject a "properness" requirement that tethers the tolling effects of a

---

[1] The Eleventh Circuit remarked, in addressing an earlier version of Federal Rule of Appellate Procedure 4, that a "timely and proper Rule 59 motion . . . tolls the running of the time for taking an appeal." *Burnam v. Amoco Container Co.*, 738 F.2d 1230, 1232 (11th Cir. 1984). But neither *Burnam* nor later cases relying on *Burnam* suggest that the motion must be "proper" in the sense Jiffy Lube argues here. *See, e.g.*, *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1272 (11th Cir. 2001) (citing *Burnam*, 738 F.2d at 1231).

timely post-judgment motion to its merits.  The notice of appeal was timely.

## II.  The Petition to Vacate Was Untimely

The petition to vacate the arbitral award is another matter.  The FAA requires notice to be "served upon the adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C. § 12.  The arbitrator delivered the final award on September 14, 2016, and the Stevenses filed this lawsuit and served Jiffy Lube on December 15, 2016.

The threshold question is whether Federal Rule of Civil Procedure 6(a) or the FAA governs how to calculate the three-month deadline under 9 U.S.C. § 12.  We conclude that Rule 6(a) provides the controlling protocol.

The Federal Rules of Civil Procedure apply to FAA proceedings *unless* the FAA "provide[s] other procedures."  Fed. R. Civ. P. 81(a)(6)(B).  The FAA grants petitioners three months to petition for vacatur, but it does not "provide . . . procedures" for calculating the "within three months" period.  *Id.*; 9 U.S.C. § 12.  Indeed, the Advisory Committee treated identical statutory language as the paradigmatic situation in which Rule 6(a) applies: "[I]f a filing is required to be made 'within 10 days' or 'within 72 hours,' subdivision (a) describes how that deadline is computed."  Fed. R. Civ. P. 6 advisory committee's note to 2009 amendment.

For that detail, then, we look to Rule 6:

> When the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays,

and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Civ. P. 6(a)(1).  Applying this three-step process, the Stevenses filed their petition one day late.  At step one, we exclude the first day, September 14, 2016, when the arbitrator delivered the final award.  At step two, we calculate three months from September 15, 2016.  The first month began September 15 and concluded October 14; the second month began October 15 and concluded November 14; and the third month began November 15 and concluded December 14.  Step three requires no adjustment because December 14, 2016, was a Wednesday and not a legal holiday.

The Stevenses dispute only the calculation at step two, arguing that three months from September 15, 2016, was December 15, 2016.  Not so.  "[C]ount[ing] every day," Fed. R. Civ. P. 6(a)(1)(B), a month beginning on the fifteenth concludes on the fourteenth of the following month—just as the month beginning January 1 concludes on January 31, not February 1; and just as the week beginning on Monday concludes on Sunday, not the following Monday.  *See Minasyan v. Mukasey*, 553 F.3d 1224, 1227–28 (9th Cir. 2009) (applying the same rationale to the "within one year" deadline under Section 208 of the Immigration and Nationality Act).

Plain meaning and basic logic compel this result.  It also comports with common sense: December 14 is within three months of September 14, but December 15 is not.  Rule 6

provides a mechanistic process to reach this intuitive result. Here, that calculation renders untimely the Stevenses' petition for vacatur.  Because we may affirm on any ground supported by the record, we hold that the district court properly denied the petition.**[2]**  *See Cassirer v. Thyssen-Bornemisza Collection Found.*, 862 F.3d 951, 974 (9th Cir. 2017).

**AFFIRMED.**

---

**[2]** We do not reach the merits of the petition.  Because the Stevenses' motion to strike (Dkt. 24) pertains only to Jiffy Lube's merits argument, we deny the motion as moot.