**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1819
_____

HECTOR L. HUERTAS,
                                        Appellant

v.

FOULKE MANAGEMENT CORP.;
CHERRY HILL MITSUBISHI;
CHERRY HILL TRIPLEX

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-20-cv-05494)
District Judge:  Honorable Renée M. Bumb

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 14, 2021
Before:  MCKEE, SHWARTZ, and RESTREPO, Circuit Judges

(Opinion filed: December 17, 2021)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Hector Huertas appeals from an order of the United States District

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Court for the District of New Jersey denying his petition to vacate an adverse arbitration award and dismissing the matter with prejudice. For the following reasons, we will affirm.

In December 2016, Huertas purchased a used 2013 Hyundai from the Cherry Hill Mitsubishi dealership operated by Foulke Management Corporation (Foulke). As part of the transaction, Huertas signed a Retail Installment Sales Contract (RISC) and a Motor Vehicle Retail Order Agreement; the latter contained an arbitration provision. Immediately thereafter, the RISC was assigned to Capital One, N.A. (d/b/a Capital One Auto Finance ("Capital One")). In September 2017, Huertas stopped making payments on the vehicle. In August 2018, he filed a complaint against Foulke and Capital One, among others, alleging that he was pressured into buying the vehicle at unfavorable terms. He claimed violations of various state and federal consumer protection statutes, including the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq. Foulke and Capital One separately moved to dismiss the complaint and compel arbitration.

The District Court granted Foulke's motion to compel arbitration pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq. The Court found that, because Huertas challenged the contract as a whole, his substantive claims and his challenges to arbitrability all had to be decided by the arbitrator pursuant to the agreement's delegation clause and Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 68-69 (2010). The claims against Foulke were stayed pending the arbitrator's decision on the arbitrability of the claims. In May 2018, the arbitrator issued a decision determining that the arbitration

agreement was valid and that that tribunal had jurisdiction to arbitrate the matter before it.[1] The arbitrator issued and served a final decision on February 3, 2020, in favor of Foulke on all claims.

On May 4, 2020, Huertas filed a petition to vacate the final arbitration award in the District Court. Foulke moved to dismiss the petition as untimely and meritless. The District Court determined that there were no grounds for vacating the arbitration award and denied the petition. Huertas now appeals.[2]

We have appellate jurisdiction under 28 U.S.C. § 1291 and 9 U.S.C. §16(a). When reviewing a district court decision denying a motion to vacate an arbitration award, "we review its legal conclusions de novo and its factual findings for clear error." Whitehead v. Pullman Grp., LLC, 811 F.3d 116, 119 n.23 (3d Cir. 2016) (citation omitted). Our review of the underlying arbitration award is "extremely deferential."

---

[1] Huertas filed a motion to vacate the arbitrator's "award." The District Court denied the motion as premature. Huertas then filed a petition for a writ of mandamus in this Court seeking an order directing the District Court to vacate its orders referring the matter to arbitration and denying the motion to vacate. We denied the petition, noting that Huertas could appeal those orders at the close of the case. See In re Huertas, 779 F. App'x 77, 79 (3d Cir. 2019).

[2] The District Court did not directly address Foulke's argument that the petition to vacate was untimely. See 9 U.S.C. § 12 (providing that a motion to vacate must be served on the adverse party "within 3 months after the award is filed or served"). Because the three-month period ended on Sunday, May 3, 2020, the petition, which was filed and apparently served on Monday, May 4, 2020, was timely. See Fed. R. Civ. P. 6(a)(1)(C); see also Steven v. Jiffy Lube Int'l, Inc., 911 F.3d 1249, 1252 (9th Cir. 2018) (holding that the Federal Rules of Civil Procedure govern how to calculate the three-month period under the FAA).

Dluhos v. Strasberg, 321 F.3d 365, 372 (3d Cir. 2003). Under the FAA, a court may vacate an arbitration award only if "(1) it 'was procured by corruption, fraud, or undue means;' (2) the arbitrator was 'partial[ ] or corrupt[ ];' (3) the arbitrator unjustifiably refused to postpone the hearing, refused to consider 'evidence pertinent and material to the controversy,' or engaged in any other 'misbehavior' that prejudiced the rights of a party; or (4) the arbitrator 'exceeded [his or her] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.'" Roadway Package Sys., Inc. v. Kayser, 257 F.3d 287, 291 n.2 (3d Cir. 2001) (quoting 9 U.S.C. § 10), abrogated on other grounds by Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576 (2008).

Huertas first argues that the arbitration agreement was invalid and unenforceable because, inter alia, there was no consideration given for it. Huertas did not raise this argument before the District Court in his petition to vacate the arbitration award, and we will not consider it for the first time on appeal. See Tri-M Grp., LLC v. Sharp, 638 F.3d 406, 416 (3d Cir. 2011). Although Huertas contends otherwise, the District Court did not address this issue in its order compelling arbitration; rather, it concluded that all arguments regarding the validity of the arbitration agreement, such as this one, had to be decided by the arbitrator.[3] Having failed to challenge the arbitrator's decision to the

[3] In a separate appeal, we denied Huertas's "Motion to Proceed to Decide Issue of Lack of Consideration in Arbitration Agreement Between Foulke and Appell[ant]," noting that the proper venue to raise the issue was in the proceeding addressing the petition to vacate the arbitration award. See C.A. No. 20-3443, Order entered April 5, 2021.

4

extent he found the agreement enforceable, Huertas cannot do so for the first time on appeal to this Court.

We agree with the District Court that Huertas's case does not present the "exceedingly narrow" circumstances necessary to vacate the arbitration award.[4] Metromedia Energy, Inc. v. Enserch Energy Servs., Inc., 409 F.3d 574, 578 (3d Cir. 2005). Huertas argued that the arbitrator "created facts," disregarded evidence, and entered an arbitrary award that was inconsistent with New Jersey law. D.N.J. Civ. No. 1:17-cv-01891, ECF No. 132 at 3. As the District Court found, Huertas's arguments amount to nothing more than disagreements with the arbitrator's factfinding and his ultimate determination that Foulke took title to the vehicle and paid off a prior lien on it, and that, thereafter, Foulke transferred valid title to the vehicle to Huertas. Contrary to Huertas's argument, there is no evidence that the arbitrator manifestly disregarded the law, even assuming that remains a basis for vacatur. See Goldman v. Citigroup Glob. Mkts. Inc., 834 F.3d 242, 256 n.13 (3d Cir. 2016) (recognizing a circuit court split regarding "the continued validity of manifest disregard as a basis for vacating arbitration awards" in light of Hall St. Assocs., 552 U.S. at 584). To the extent that the arbitrator may have erred, he did not act outside his scope of authority in so doing. See Oxford

---

[4] We find no merit to Huertas's contention that the District Court should have considered his unauthorized recording of the telephonic hearing before the arbitrator, despite his attestation to its accuracy. See generally Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (noting, in the context of a motion to dismiss for failure to state a claim, that the District Court may consider, inter alia, "undisputedly authentic documents"). We note that the District Court indicated that the recording would not have altered its decision.

5

Health Plans LLC v. Sutter, 569 U.S. 564, 569 (2013) (noting that it is not enough to show that the arbitrator "committed an error – or even a serious error").  We also agree with the District Court that there is no basis for finding that the arbitrator abused his power.  Because there are no grounds in the record for vacating the arbitration award, Huertas's petition was properly denied.[5]

Based on the foregoing, we will affirm the District Court's judgment.

---

[5] Appellee's motion to strike documents in Appellant's appendix that were not part of the record below is granted.  See United States v. Donsky, 925 F.2d 746, 749 (3d Cir. 1987) (noting that a reviewing court may not consider evidence that is not part of the record).  Documents that were made part of the record below by incorporation, on the other hand, are part of the record on appeal.  See, e.g., ECF No. 1 at 2 (incorporating Doc. 132 from D.N.J. Civ. No. 1:17-cv-01891).