NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MONDIS TECHNOLOGY LTD., HITACHI MAXELL, LTD., NKA MAXELL HOLDINGS, LTD., MAXELL, LTD.,**
*Plaintiffs-Appellees*

**v.**

**LG ELECTRONICS INC., LG ELECTRONICS USA, INC.,**
*Defendants-Appellants*

---

2020-1812

---

Appeal from the United States District Court for the District of New Jersey in No. 2:15-cv-04431-SRC-CLW, Judge Stanley R. Chesler.

---

**ON PETITION FOR PANEL REHEARING AND REHEARING EN BANC**

---

MARTIN JAY BLACK, Dechert LLP, Philadelphia, PA, filed a response to the petition for plaintiffs-appellees. Also represented by JEFFREY EDWARDS; JEFFREY B. PLIES, Austin, TX.

MICHAEL J. MCKEON, Fish & Richardson PC,

2          MONDIS TECHNOLOGY LTD. v. LG ELECTRONICS INC.

Washington, DC, filed a petition for panel rehearing and rehearing en banc for defendants-appellants. Also represented by MICHAEL JOHN BALLANCO, CHRISTIAN A. CHU, ROBERT ANDREW SCHWENTKER.

———————

Before MOORE, *Chief Judge*, NEWMAN, LOURIE, DYK, PROST, O'MALLEY, REYNA, TARANTO, CHEN, HUGHES, and CUNNINGHAM, *Circuit Judges*.*

*Circuit Judge* NEWMAN dissents from the denial of the petition for rehearing en banc without opinion.

*Circuit Judge* O'MALLEY dissents from the denial of the petition for rehearing en banc.

PER CURIAM.

## O R D E R

LG Electronics Inc. and LG Electronics USA, Inc., filed a combined petition for panel rehearing and rehearing en banc. A response to the petition was invited by the court and filed by Mondis Technology Ltd., Hitachi Maxell, Ltd., and Maxell, Ltd. The petition was referred to the panel that heard the appeal, and thereafter the petition for rehearing en banc was referred to the circuit judges who are in regular active service. The court conducted a poll on request, and the poll failed.

Upon consideration thereof,

IT IS ORDERED THAT:

The petition for panel rehearing is denied.

The petition for rehearing en banc is denied.

———————

\*    Circuit Judge Stoll did not participate.

MONDIS TECHNOLOGY LTD. v. LG ELECTRONICS INC.          3

The mandate of the court will issue on December 30, 2021.

FOR THE COURT

December 23, 2021                  /s/ Peter R. Marksteiner
       Date                        Peter R. Marksteiner
                                   Clerk of Court

# United States Court of Appeals
# for the Federal Circuit

---

**MONDIS TECHNOLOGY LTD., HITACHI MAXELL, LTD., NKA MAXELL HOLDINGS, LTD., MAXELL, LTD.,**

*Plaintiffs-Appellees*

**v.**

**LG ELECTRONICS INC., LG ELECTRONICS USA, INC.,**

*Defendants-Appellants*

---

2020-1812

---

Appeal from the United States District Court for the District of New Jersey in No. 2:15-cv-04431-SRC-CLW, Judge Stanley R. Chesler.

---

O'MALLEY, *Circuit Judge*, dissenting from denial of the petition for rehearing en banc.

With this case, this court compounds the error it made in *Robert Bosch, LLC v. Pylon Manufacturing Corp.*, 719 F.3d 1305 (Fed. Cir. 2013) (en banc). In *Robert Bosch*, this court adopted an incorrect interpretation of 28 U.S.C. § 1292(c)(2). Section 1292(c)(2) gives us jurisdiction over district court decisions that are "final except for an accounting." The majority in *Robert Bosch* misinterpreted "accounting" to include a damages trial and any willfulness determination, thus giving ourselves jurisdiction over appeals from district court decisions that are decidedly not

final.  In this case, this court further warps our jurisdiction over interlocutory appeals—this time by misapplying Supreme Court precedent and adopting an atextual interpretation of Federal Rule of Appellate Procedure ("FRAP") 4(a)(4)(A).  We should correct that error before it sows confusion among litigants and to prevent us from straying even further from the fundamental jurisdictional and procedural rules that govern all Article III Courts.  Thus, I dissent from the denial of rehearing.

### THE ERROR OF *ROBERT BOSCH*

Section 1292(c)(2) provides a narrow exception to the final judgment rule, 28 U.S.C. § 1295(a)(1).  Section 1295(a)(1) grants this court exclusive jurisdiction over "an appeal from a final decision of a district court of the United States . . . in any civil action arising under . . . any Act of Congress relating to patents or plant variety protection." 28 U.S.C. § 1295(a)(1).  Under § 1292(c)(2), this court additionally has jurisdiction to entertain an appeal "from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal Circuit and is *final except for an accounting*."  28 U.S.C. § 1292(c)(2) (emphasis added).  In *Robert Bosch*, the majority found that trials on damages and willfulness are merely "accountings" and that cases in which such trials are outstanding are, thus, final.  719 F.3d at 1309, 1317.  The majority held that the narrow exception in 28 U.S.C. § 1292(c)(2) gives us broad jurisdiction to entertain interlocutory appeals from patent infringement liability and validity determinations when a trial on damages has not yet occurred and when willfulness issues remain undecided.  *Id.* at 1308.

I disagreed with that decision when it was rendered, and I continue to disagree with it now.  *See id.* at 1329 (O'Malley, J., dissenting).  As I explained in my dissent in *Robert Bosch* (incorporated in full here), the final judgment rule is an important limitation on our jurisdiction.  *Id.* at

1330.  The final judgment rule "emphasizes the deference that appellate courts owe to the trial judge," prevents piecemeal appeals that "would undermine the independence of the district judge," promotes "the sensible policy of avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise," and "serves the important purpose of promoting efficient judicial administration." *Id.* at 1330–31 (quoting *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374 (1981)).  The finality requirement "embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *Id.* at 1331 (quoting *United States v. Nixon,* 418 U.S. 683, 690 (1974)).

Section 1292(c)(2) provides a *narrow* exception to the final judgment rule of § 1295(a)(1). *Id.* at 1332.  In my dissent, I explained that, properly understood, "accounting" in § 1292(c)(2) refers "to a limited class of proceedings before special masters or to those instances in which the trier of fact has decided all matters relevant to a damages determination save the application of those decisions to an undisputed set of numbers." *Id.* at 1332–33.  My dissent explains that this interpretation is compelled by the language and history of § 1292(c)(2), the historical understanding of the word "accounting," and Supreme Court precedent. *Id.* at 1331–46.

For nearly a decade we have operated under the erroneous interpretation of § 1292(c)(2) established in *Robert Bosch*.  For nearly a decade, we have exercised jurisdiction never contemplated by Congress.  In the present case, the panel applied that erroneous understanding of § 1292(c)(2) and further allowed that erroneous understanding to infect a separate provision restricting our jurisdiction, FRAP 4(a)(4)(A).

4          MONDIS TECHNOLOGY LTD. v. LG ELECTRONICS INC.

THE *MONDIS* PROCEEDINGS

In this case, the parties filed several post-trial motions. LG filed: (1) a motion for judgment as a matter of law ("JMOL") under Federal Rule of Civil Procedure ("FRCP") 50(b) or a new trial of non-infringement under FRCP 59, (2) a motion for JMOL under FRCP 50(b) or a new trial of invalidity under FRCP 59, (3) a motion for JMOL under FRCP 50(b), a new trial under FRCP 59, or remittitur regarding the damages award and willfulness finding. *Mondis Tech. Ltd v. LG Elecs., Inc.*, 407 F. Supp. 3d 482, 484 (D.N.J. Sept. 24, 2019) (*September Order*).  Mondis filed motions seeking enhanced damages, interest, and attorney's fees. *Id.* On September 24, 2019, the district court denied LG's motions regarding infringement, invalidity, and willfulness, deferred judgment on LG's motions regarding damages, and denied as premature Mondis's motions. *Id.* at 502–03. No final judgment was entered on any of these issues, either pursuant to FRCP 54 or FRCP 58. On April 22, 2020, the district court granted LG's motion for a new trial on damages. *Mondis Tech. Ltd. v. LG Elecs., Inc.*, No. CV 15-4431, 2020 WL 1933979, at \*5–6 (D.N.J. Apr. 22, 2020). On May 8, 2020, LG filed a notice of interlocutory appeal, seeking to challenge the district court's decision denying LG's post-trial motions regarding infringement, invalidity, and willfulness (all of which were decided in the September Order). The panel found, under the holding of *Robert Bosch* that an accounting includes a trial on damages, that, "for the purposes of appeal under § 1292(c)(2), this case was final except for an accounting after the September Order, and LG had thirty days from the September Order to file notice of interlocutory appeal." *Mondis Tech. Ltd. v. LG Elecs., Inc.*, 6 F.4th 1379, 1382 (Fed. Cir. 2021). Because LG did not file its notice of appeal until May 8, 2020, more than thirty days after the September Order, the panel found that LG's appeal was untimely.

There are three errors in the panel's decision. First, it perpetuates the error of *Robert Bosch* by finding that this

court might have had jurisdiction to hear LG's interlocutory appeal had LG appealed within thirty days of the September Order. As I explained in my dissent in *Robert Bosch*, damages trials are not accountings, and, thus, this court does not have jurisdiction to hear LG's interlocutory appeal while a trial on damages is outstanding. Second, the panel misreads Supreme Court precedent in its efforts to find some support for its holding. And third, the panel introduces a new atextual requirement to Federal Rule of Appellate Procedure 4(a)(4)(A)—one which is contrary to the final judgment rule and will sow uncertainty among litigants and judges. My dissent in *Robert Bosch* explains the first error. I address the latter two errors here.

THE PANEL'S MISAPPLICATION OF PRECEDENT

The panel misreads Supreme Court precedent in its effort to find some confirmation for its holding. The panel states that, "[j]ust as the outstanding matter of attorney's fees could not toll the time for appeal in [*Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988)], the outstanding damages determination cannot toll the time for LG to appeal here." *Mondis*, 6 F.4th at 1383.

The panel's reliance on *Budinich* is misplaced. In *Budinich*, the Supreme Court considered whether a case was "final" under § 1291 where only the issue of attorney's fees was still outstanding. 486 U.S. at 199. As the Supreme Court made clear in *Budinich*, consideration of attorney's fees is an ancillary post-judgment inquiry. The Supreme Court did not consider whether a case is final where damages issues remain outstanding. The panel, in relying on *Budinich*, incorrectly equates an outstanding trial on damages to an outstanding determination of recoverability of attorney's fees.

The panel ignores two fundamental differences between outstanding requests for attorney's fees and damages trials. First, requests for attorney's fees are collateral to the merits judgment, while damages trials are

inextricably intertwined with the merits judgment. "[A]ttorney's fees, which at common law were regarded as an element of costs," are "not part of the merits judgment." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989). There is a "general practice of treating fees and costs as collateral for finality purposes." *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 187 (2014). In contrast, judgments "where assessment of damages or awarding of other relief remains to be resolved have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291." *Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 744 (1976). "In the ordinary course a 'final decision' is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ray Haluch Gravel Co.*, 571 U.S. at 183.

In *Osterneck*, the Supreme Court held that a judgment was not final where a motion for prejudgment interest remained outstanding. 489 U.S. at 177. The Supreme Court's reasoning in *Osterneck* is just as applicable, if not more so, to a case with an outstanding damages trial. Unlike a request for attorney's fees or a motion for costs, a damages trial or motion for prejudgment interest does not raise "issues wholly collateral to the judgment in the main cause of action" or require an inquiry wholly "separate from the decision on the merits." *See id.* at 175–76 (quoting *Buchanan v. Stanships, Inc.,* 485 U.S. 265, 268 (1988); *White v. N.H. Dep't of Emp. Sec.,* 455 U.S. 445, 451–52 (1982)). In conducting a trial on damages or ruling on a motion for prejudgment interest, a district court will be called on to examine "matters encompassed within the merits of the underlying action." *See id.* at 176; *see also Robert Bosch*, 719 F.3d at 1337 (O'Malley, J., dissenting) (explaining the determinations that juries as fact-finders make in the context of a damages assessment).

Second, calculation of attorney's fees, like equitable accountings in patent cases, but unlike damages trials, can

consume prodigious time and resources. In *Ray Haluch Gravel Co.*, the Supreme Court addressed appellate jurisdiction over a case with an outstanding determination of attorney's fees, much as it had in *Budinich*. The Supreme Court explained that "claims for attorney's fees may be complex and require a considerable amount of time to resolve." *Ray Haluch Gravel Co.*, 571 U.S. at 186. Thus, requiring a litigant to wait until after claims for attorney's fees are resolved before appealing the liability determinations of the case would undermine litigants' and courts' "interest in determining with promptness and clarity whether the ruling on the merits will be appealed." *Id.* The same consideration prompted Congress to make an exception to the finality rule for appeals of judgments that are "final except for an accounting." *See Robert Bosch*, 719 F.3d at 1339 (O'Malley, J., dissenting) (citing George P. Dike, *The Trial of Patent Accountings in Open Court*, 36 Harv. L. Rev. 33, 36 n.7 (1922)). But that consideration does not apply to patent damages trials, which, unlike accountings, require hours and days of a judicial officer's time, rather than years. *Id.*

THE PANEL'S MISINTERPRETATION OF FRAP 4(a)(4)(A)

The panel also misinterprets FRAP 4(a)(4)(A) to make that rule agree with this court's misinterpretation of § 1292(c)(2). FRAP 4(a)(4)(A) provides:

> If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
>> (i)  for judgment under Rule 50(b);
>>
>> (ii) to amend or make additional factual findings under Rule 52(b), whether or not

8        MONDIS TECHNOLOGY LTD. v. LG ELECTRONICS INC.

granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v)  for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Importantly, FRAP 4(a)(4)(A) treats motions for attorney's fees differently from other qualifying motions, such as motions "for judgment under Rule 50(b)" or "for a new trial under Rule 59." Filing a motion for attorney's fees, unlike other listed motions, does not automatically toll the time to file an appeal unless "the district court extends the time to appeal under Rule 58." FRAP 4(a)(4)(A)(iii). The Supreme Court amended FRAP 4(a)(4)(A) to conform to *Budinich*. *See* FRAP 4, Advisory Committee Notes, 1993 Amendments. It recognized that motions for attorney's fees are different from the other enumerated motions and chose not to automatically toll the time to file an appeal for attorney's fees. It "exclude[d] motions for attorney's fees from the class of motions that extend the filing time unless a district court, acting under Rule 58, enters an order extending the time for appeal." *Id.*; *see also Ray Haluch Gravel Co.*, 571 U.S. at 186–87 (explaining that Rule 58(e) "confirms the general practice of treating fees and costs as collateral for finality purposes" in accordance with *Budinich* but permits a district court to delay the time to appeal "to avoid a piecemeal approach in the ordinary run of cases where circumstances warrant delaying the time to appeal"). No merits-based motions are similarly excluded from the text of the rule.

Despite these facts, the panel introduces a new requirement not found in the text of the rule: "the enumerated motions can only toll the time to appeal if they relate to the interlocutory judgment such that the judgment is not final except for an accounting[.]" *Mondis*, 6 F.4th at 1384. This new judicially-created requirement will transform the simple bright-line rule of FRAP 4(a)(4)(A) into a trap for unwary litigants. Litigants who rely on the clear text of FRAP 4(a)(4)(A) will find their interlocutory appeals rendered untimely by this new requirement, much as LG did in this case. The new requirement will be the subject of much litigation as parties challenge the timeliness of interlocutory appeals. Even where parties do not raise the issue, we have an independent duty to confirm our own jurisdiction in every appeal and will be left to determine if motions relate to the interlocutory judgment and precisely when that ruling became "final excepting for an accounting." This new rule will require us to delve into the merits of an appeal to determine whether motions are related to the interlocutory appeal before determining jurisdiction, reversing the normal course of analysis. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998) (explaining that the jurisdiction of a court of appeals is a "threshold matter").

This new requirement will also lead to needless multiplication of interlocutory appeals as parties will feel compelled to appeal both before the trial court decides any of the enumerated motions and after every decision on each of the enumerated motions, lest they lose their opportunity for an interlocutory appeal. In short, the panel's new rule lacks the administrative simplicity that the Supreme Court has called a "major virtue in a jurisdictional statute." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Under *Robert Bosch* and, now, *Mondis*, it is becoming increasingly unclear exactly when a decision becomes final except for an accounting such that the time to file a timely appeal begins. Congress provided a clear and workable exception to the finality rule by providing this court with

10        MONDIS TECHNOLOGY LTD. v. LG ELECTRONICS INC.

jurisdiction over judgments that are final except for an accounting.  28 U.S.C. § 1292(c)(2).  In FRAP 4, the Supreme Court clearly defined when a district court's ruling is final for the purposes of appeal under 28 U.S.C. § 1291.  *See* 28 U.S.C. § 2072 (providing that the Supreme Court has the power to proscribe general rules of practice and procedure including rules defining "when a ruling of a district court is final for the purposes of appeal under section 1291").  The language of FRAP 4(a)(4), like that of § 1292(c)(2), is clear.

The *Robert Bosch* majority created a new exception to § 1292(c)(2): a decision is final except for an accounting even where trials on damages and the factual issue of willfulness are outstanding.  719 F.3d at 1317.  And the *Mondis* panel further muddied the waters by holding that a judgment is final except for an accounting where a variety of motions remain to be decided, so long as an appellee can convince this court that those outstanding motions are not related to the interlocutory appeal. 6 F.4th at 1384.  *Robert Bosch* and *Mondis* have nebulously explained what *is not required* to make a judgment final, but they never explain what *is required* to make a judgment final.  Litigants are left to divine on their own the critical moment that their cases become final except for an accounting under this court's jurisprudence.  And they are now told to ignore the Federal Rules of Appellate Procedure in their analysis.  If they guess wrong, they lose their opportunity to file an interlocutory appeal under § 1292(c)(2).

I am aware of no other circuit court that has adopted the "relatedness" requirement adopted by the panel in *Mondis*.  Nor does the panel cite to any cases which have imposed such a requirement.  To the contrary, our sister circuits have rejected imposition of requirements beyond those found in the text of FRAP 4(a)(4).  For example, in *Stevens v. Jiffy Lube Int'l, Inc.*, 911 F.3d 1249 (9th Cir. 2018), the Ninth Circuit held that "to toll the appeal deadline, the post-judgment motion must merely be timely, 'under the Federal Rules of Civil Procedure,' and among the

types of motions listed in Federal Rule of Appellate Procedure 4(a)(4)(A)(i)–(vi)." *Id.* at 1251.  It explained that an enumerated motion may be disregarded only when it contravenes the Federal Rules of Civil Procedure—it may not be disregarded where the enumerated motion merely lacks merit.  *Id.*  As the Supreme Court has reminded us, "[p]atent law is governed by the same common-law principles, methods of statutory interpretation, and procedural rules as other areas of civil litigation." *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 137 S. Ct. 954, 964 (2017) (quoting *SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prod., LLC*, 807 F.3d 1311, 1333 (Fed. Cir. 2015), *vacated in part,* 137 S. Ct. 954 (2017) (Hughes, J., dissenting)).  Whether or not we choose to cling to the holding in *Robert Bosch,* we should not adopt an interpretation of FRAP 4(a)(4) which departs from the clear text and the application of that clear text by our sister circuits.

## CONCLUSION

I would rehear this case to explain that we do not have jurisdiction to hear LG's appeal under § 1292(c)(2) until the damages trial is no longer outstanding because a trial on damages is not an "accounting."  That holding would remedy our misinterpretation of § 1292(c)(2), avoid the panel's odd application of the Supreme Court's *Budinich* decision, and abrogate the panel's atextual addition of a new requirement to FRAP 4(a)(4)(A).  Short of doing that, we should at least take this case en banc to make clear that FRAP 4(a)(4) says what it says and defines the time for appeal, even from interlocutory judgments.